JOHN S. PROUTY, Respondent, *v.* FREDERICK B. SWIFT, impleaded, etc., Appellant.

Where a complaint in an action to recover moneys had and received by defendants for plaintiff's use sets forth a cause of action which entitles plaintiff to a judgment, without regard to the character or nature of defendants' employment, allegations therein showing that such employment was of a fiduciary character are not issuable, and where no order of arrest has been issued, a direction in the judgment in such action authorizing its enforcement by execution against the person of defendant is error.

Plaintiff's complaint alleged and the proof showed in substance that defendants, being attorneys and counselors-at-law, and partners in the business of purchasing prize claims, received from plaintiff certain sums of money under an agreement that they should invest the same in the purchase of prize claims, and should collect the same for plaintiff, and that the net profits accruing should be divided equally between the parties. · Defendants only invested a portion of the sum as required, and refused to render any account. Plaintiff asked to have the agreement dissolved and for an accounting, and that defendants be held liable as for moneys received in a fiduciary capacity. *Held*, that the arrangement was not one of copartnership; that plaintiff was entitled to recover the amount advanced with one-half the net profits of the claims purchased, and also interest; but that the character and nature of defendants' employment was not an issuable fact, and a finding of law of the referee that defendants acted "in a fiduciary capacity," within the meaning of subdivision 2 of section 179 of the Code, was not warranted by the issues, and that a direction in the judgment for its enforcement by execution against the person of defendant was error.

(Argued January 16, 1873; decided March term, 1873.)

APPEAL by the defendant Swift from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment against the defendants entered on the report of a referee. Rice, the other defendant, was not served with the summons, and did not appear in the action. The nature of the action and the facts so far as they are material to the decision sufficiently appear in the opinion.

*John Hubbell* for the appellant. There was an utter failure of proof, and the complaint should have been dismissed. (Code, § 171; *Walter* v. *Bennett*, 16 N. Y., 256.)

*C. L. Lyon* for the respondent. To constitute a copartnership there must be a community of interest both in profits and losses. (*Day* v. *Boswell*, 1 Camp., 329; *Green* v. *Beesley*, 2 Bing. N. C., 108; *Putnam et al.* v. *Wise*, 1 Hill, 234.) A person may pay an employe by giving him a share of the profits for his services, without giving him the rights or subjecting him to the liabilities of a partner. (*Burch* v. *Eckhart*, 1 Den., 337; *Vanderburgh* v. *Hull et al.*, 20 Wend., 70.) Defendants obtained the money and are liable in a fiduciary capacity. (*Goodrich* v. *Dunbar*, 17 Barb., 644; *Schudder* v. *Shields*, 17 How., 420; *Stoll* v. *King*, 8 id., 298; *Dubois* v. *Thompson*, 25 id., 417; *Ostell* v. *Brough*, 24 id., 274; *Barret* v. *Gracie*, 34 Barb., 20; *Duquies* v. *Edwards*, 50 id., 288; *Clark* v. *Pinckney*, id., 226.)

LOTT, Ch. C. This is not, as claimed on behalf of the appellant, an action *in tort* for the recovery of damages. The complaint alleges that the defendants, being and acting as attorneys and counselors-at-law, doing business in the city of New York, did induce the plaintiff to entrust to them moneys at different times in the months of January, February and March, 1865, amounting in the aggregate to the sum of $3,085, for the purpose of purchasing military, naval and prize claims for him, on an agreement that they would invest the same in the purchase of such claims as and for his property and collect them for him (the plaintiff) for one-half the net profits that should be realized after the repayment of the moneys advanced by him therefor; that at the time such advances were made by him the defendants assured him that he would realize large profits from the business, and that most of the claims so purchased would be cashed in a very short time, and that early in that year they promised him they would collect and pay over to him a large portion of the said claims. It then alleges further that the defendants have only returned to the plaintiff $100 so advanced, with ten dollars additional as profit on the investment thereof, and have

violated their trust by the misappropriation of the residue for other purposes, in fraud of the plaintiff.

It then states that the defendant, although often requested to account with the plaintiff of and concerning such moneys so received from him and the claims purchased by them pursuant to such agreement, have refused so to do, and that they " have been guilty of fraud and concealment in the premises," and the plaintiff then " charges said defendants with intent to defraud him out of the moneys so advanced by him to the defendants." It then avers that the defendants have retained all the papers in their possession and have constantly refused to deliver to the plaintiff the claims so purchased, or any portion of them, and states on information and belief " that the defendants have collected a large portion of said claims, and have misappropriated the moneys so collected in fraud of the plaintiff and in violation of the trust reposed in them by said plaintiff.

Upon those allegations the plaintiff demanded judgment against the defendants as follows, viz. : " That the said agreement be adjudged dissolved, and that the defendants may be decreed to come to an accounting with the plaintiff of and concerning the matters aforesaid, and that they may be adjudged and decreed to pay to the plaintiff whatever upon such accounting shall be found to be due to the plaintiff;" and further, " that said defendants may be adjudged liable to the plaintiff for all sums advanced by plaintiff to said defendants as aforesaid as for moneys received by said defendants in a fiduciary capacity, and that plaintiff have such other relief or such further relief as may be just, besides his costs of action, against said defendants."

It will be seen from the preceding statement of the facts set forth in the complaint that the money advanced by the plaintiff to the defendants was not paid to them on any false and fraudulent representations as to any material fact within the knowledge (or stated as such) of the defendants and known to be false, or that the plaintiff parted with his money relying thereon and upon the faith of such representations. On the

contrary, it is apparent from the statements made as to the profits that would be realized from the business that they were merely expressions of an opinion on the subject, and it is evident from the general tenor of the complaint and the relief asked that it was an action for equitable relief to terminate the agreement, and thereupon have an accounting and final settlement, and asking a judgment for the payment of the amount found due.

The defendant Swift (who alone appeared), by his answer, after admitting that he and his co-defendant were attorneys and counselors-at-law, doing business in the city of New York, as alleged in the complaint, averred that the sum of $1,729 was received by them of the plaintiff "to be invested in the purchase of naval prize claims for the mutual benefit of the plaintiff and the defendants, under the agreement that the profits and loss should be equally shared between said plaintiff and said defendants; that is, one moiety by plaintiff and one moiety by defendants." He then averred that the said sum has been so invested, and that the sum of $1,184.13 has been received back on said investment and no more, for which sum, as he said, he was ready, and always has been since the same was received, willing and desirous to account, and in conclusion he denied each and every allegation set forth in the complaint not so specifically admitted.

The referee who tried the issues found the following facts, among others:

1st. That the defendants were partners as attorneys and counselors-at-law in the city of New York from 1st January, 1864, to May 1, 1866, and that they were partners from 1st July, 1864, to May 1, 1866, in the business of purchasing prize claims against the government of the United States.

2d. That the plaintiff employed the defendants as such partners in the purchase of prize claims, and from the 4th of January, 1865, to the 4th of March, 1865, both inclusive, he advanced to them, for the purchase of such claims, various sums, amounting in the whole to the sum of $2,985.

3d. That at the time the plaintiff employed the defendants

as above stated they stated to him that there would not, and could not, be any risk nor any loss in the purchase of prize claims. The agreement between them was that the plaintiff should have one-half of the profits and the defendants the other half of the profits accruing on the purchase of any prize claim. When the defendants made to the plaintiff the statement above mentioned they made it in good faith and in the belief of the truth of the statement.

He then in his fourth finding, after setting forth a statement of seven different claims purchased, with the sums paid for each and the amounts realized from them severally, found that there is nothing in this case to show that the investment of the plaintiff's money made by the defendants in the claims so enumerated was not made in good faith.

He then, after finding further as facts that the defendants had not rendered any account, although demanded, of the disposition or investment of those moneys, nor delivered to him any prize claims so purchased, nor made any payment on account of such advances or investments, found as conclusions of law:

1st. That the defendants were bound to account to the plaintiff for all the money advanced by him to them for the purchase of prize claims, as stated in the second finding of fact also set forth.

2d. That the amount paid by the defendants for such claims was, *pro tanto*, payment to the plaintiff, and that he was entitled to a transfer by the defendants to him of such claim if it remained unpaid in whole or in part; that the defendants were to be credited with the amounts so paid, after deducting therefrom the sum they received in each case, and were to be charged in addition with half of the profits that had accrued on any claim.

3d. That on receiving plaintiff's money to invest in the purchase of prize claims, defendants did not act in their professional capacity of attorneys and counselors-at-law, but they did act in a " fiduciary capacity " within the meaning of subdivision 2 of section 179 of the Code.

4th. That the plaintiff was entitled to recover, upon the principles stated, $2,769.36, with interest, amounting to $531.46, and that he was also entitled to the transfer and delivery by the defendants to him of four prize claims purchased, which had produced less than they respectively cost.

5th. That the plaintiff was entitled to judgment against the defendants for the said two sums of principal and interest, and that they assign and transfer to the plaintiff the said four prize claims.

Judgment was subsequently entered for the recovery of the said sums, with interest from the date of the referee's report, so far only as that it may be enforced against the joint property of all of the defendants and the separate property of the defendant Swift, and against the person of the defendant Swift, who, it was stated, was personally served, and who appeared in the action by attorney, and it was also declared therein "that the defendants received the moneys in the complaint mentioned in a fiduciary capacity;" but there was no direction in the judgment for the assignment and transfer to the plaintiff of the said four prize claims or either of them.

The defendant Swift excepted to the whole of the first and fifth conclusions of law; to the second so far as it finds that the plaintiff is entitled to a transfer of each prize claim purchased by the defendants for him remaining unpaid in whole or in part, and also so far as he is charged with half of the profits that were realized on the three several prize claims therein particularly specified at the ending of that finding; to so much of the third as found that the defendants acted in a fiduciary capacity within the meaning of subdivision 2 of section 179 of the Code, and to each finding specifically in the fourth, as to the amount found due, as to the allowance of interest thereon, and as to the transfer and delivery of the prize claims.

It will be seen from the preceding statement what is the nature and character of the plaintiff's claim, the issue raised by the answer of the defendant Swift, and the finding of the referee thereon.

From the facts found, which (having been affirmed by the General Term) are conclusive on us, it is clear that the plaintiff was entitled to recover the moneys for which judgment was ordered. It is unnecessary to decide whether the direction to assign and transfer the prize claims which "had produced" (as is stated in the report) less than the amount paid therefor, without a finding that they were still in the hands of the defendant, was proper or not. The plaintiff appears to have waived the benefit of that direction by not incorporating it in the judgment.

The referee has found that the defendants did not receive the moneys advanced or paid to them in their professional capacity as attorneys and counselors-at-law, as alleged in the complaint, but as partners in the purchase of prize claims. There was evidence given by the defendant Swift of such latter partnership, and in the view I have taken of the case it is immaterial in which of such capacities the defendants acted in the transaction. The result of what transpired and was done in the transaction of the business was that the defendants received of and from the plaintiff the whole sum for which the referee held them accountable. Having received that sum and used it or kept it without investment, as their duty required, it was right that they should be charged with interest, and I see no ground for holding that they have been charged too much, nor does the exception affecting the question of interest apply to the amount allowed as excessive, but it is to the right to recover any whatever.

It is claimed by the appellant's counsel that the transaction between the parties was one of copartnership, and a motion was made when the plaintiff rested his case for a nonsuit on the ground "that the proofs show that the plaintiff and defendants were copartners in respect to the transactions set forth in the complaint, and that the plaintiff had no right to maintain the action." The referee properly denied that motion. It is evident from the whole tenor of the arrangement that the plaintiff was to be the owner in his own right of such claims as should be purchased, and that the defendants should receive

as and for their compensation for services rendered by them, in making such purchases and collecting the claims, one-half of the net profits that should be realized therefrom. It may be proper to add here that the question raised on behalf of the appellant, before us, relative to the form of the action, does not appear to have been raised by the motion for a nonsuit, nor otherwise on the trial, or at General Term, and could not, therefore, be available in this court, on an objection now presented for the first time, irrespective of its merits.

The only other question remaining to be considered is raised by the exception to the referee's finding of law that the defendants acted "in a fiduciary capacity" within the meaning of subdivision 2 of section 179 of the Code. That was not warranted by the issues which he was called upon to try. The character or nature of the defendants' employment was not an issuable fact. This I deem to be settled by the decision of the Court of Appeals in *Wood* v. *Henry* (40 N. Y., 124). It was wholly immaterial to the plaintiff's right of recovery whether the legal liability which the defendants had incurred resulted from a fiduciary relation or that of debtor and creditor merely, in the ordinary and common acceptation of those terms. The action was substantially, so far as it related to the demand for the recovery of the money in question, one for money had and received to and for the plaintiff's use, and he would have been entitled to a judgment therefor, notwithstanding a finding by the referee (in case he had so found) that the defendants did not act in a fiduciary capacity. In this view of the question it is unnecessary to determine whether his conclusion in reference to it was erroneous either in fact or law.

The portion of the judgment declaring that the defendants received the moneys in the complaint mentioned in a fiduciary capacity, and directing execution or enforcement of the judgment against the person of the defendant Swift, must, therefore, be reversed, and all statements in the judgment in reference to such fiduciary relation must be stricken there-

from. In other respects the judgment must be affirmed, but no costs are allowed or to be recovered by either party as against the other on this appeal.

All concur.

Judgment accordingly.