(47 Misc. Rep. 693)

CENTRAL TRUST CO. OF NEW YORK v. EGLESTON et al.

(Supreme Court, Special Term, New York County. June, 1905.)

1. WILLS—CONSTRUCTION—CONTRIBUTIONS BY LEGATEES.

By testator's will, the income from the entire estate was to be divided into three equal shares, the trustee under the will to pay from these incomes the annuity to the widow first from the incomes derived from the property, being $2,000 for the first year and one-half after testator's decease, and thereafter $4,000 a year during her life; the balance of the income to be accumulated in three separate funds, and the trustee to pay from such income $2,000 to each son, less 100 pounds to be equally contributed. One-third of such 100 pounds was to be taken from each $2,000, as a charge thereon, and paid over by the trustee, as a legacy, to the widow during the period of one year and one-half from testator's death "to maintain the home," and thereafter, and until each son attained majority, to pay to each son from his separate share of the income accumulated $3,000 per year for education and expenses, 200 pounds to be paid to the widow and the same being made up in the same way as the 100 pounds and for the same purpose; the sons, in case such contribution of 200 pounds was not made from their shares, to receive each only $2,000, but to be relieved of any contribution. *Held*, that the contributions of 100 pounds and 200 pounds "to maintain the home" were to be made by each son, and not by them collectively.

2. SAME—PRECATORY WORDS.

A will provided that testator's wife was to have for the first year and one-half, "while the estate is provided for, $2,000 per annum, and when the estate is settled after the above time $4,000 each year for life." After such settlement, each of the testator's three sons was to have $3,000, instead of $2,000, a year, so that the sum of $5,000, in additional income, was added to the income of the beneficiaries after settlement of the estate. The will further provided that, for the first year and one-half after testator's death, "I desire that the Central Trust Company (trustee under the will) advance to my wife in the ratio of my previous expenditure from five thousand dollars to about nine thousand dollars, so as to give time to adjust family affairs, this to be for the benefit of my wife and sons, not one but all, but if all of the children are of age (21) then for one year, not one year and one-half ($5,000 to $9,000)." The children referred to were under age. *Held* that, in view of the general scheme of the will, the precatory words were meant as a direction to the trustee, and that the amount of $5,000 to $9,000 was to be paid out in the same way as testator himself previously made the expenditure for the family; the "ratio" or proportions of the sum, and at what particular time to be paid, being left to the discretion of the trustee.

**3. SAME—ADVANCES.**

　　Such advance of from $5,000 to $9,000 was in addition to the separate provisions made for the wife and sons during the settlement of the estate; it not being stated from what funds the advance was to be made, and the advances not being expressly or by fair implication charged against the annuity for the wife or against the annuity or accumulations for the sons.

**4. SAME—OUT OF WHAT FUND PAYABLE.**

　　In the absence of express designation, and it not appearing from the will as a whole that there was any other intention, the advances were not to be charged against any specific beneficial interest elsewhere provided: the word "advance" being equivalent to the word "pay," and such payment was to be made from the funds in the trustee's hands.

On examination of questions presented on settlement of the decree. Judgment ordered submitted.

For former opinion, see 95 N. Y. Supp. 945, 47 Misc. Rep. 475.

CLARKE, J. Upon examination of the questions presented upon settlement of the decree, I am of opinion that the contributions of £100 and £200 "to maintain the home" are to be made by each son, and not by them collectively. A construction is also sought of the following clause:

"For the first year and one-half after my death (if any child is under age) I desire that the Central Trust Company advance to my wife in the ratio of my previous expenditure from five thousand dollars to about nine thousand dollars, so as to give time to adjust family affairs—this to be for the benefit of my wife and sons, not one, but all— but if all of the children are of age (twenty-one) then for one year, not one year and one-half ($5,000 to $9,000).

The children are under age, so the provision is for 1½ years. The testator has used precatory words directed to the trustee.

In Phillips v. Phillips, 112 N. Y. 197, 205, 19 N. E. 411, 413, 8 Am. St. Rep. 737, Judge Finch says:

"The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee or himself to control or direct the disposition intended. In such a case, we must look at the whole will, so far as it bears upon the inquiry, and the use of the words 'I wish' or 'I desire' is by no means conclusive. They serve to raise the question, but not necessarily to decide it."

In view of the general scheme of the will, the precatory words are meant as a direction to the trustee. The amount from $5,000 to $9,000 is to be paid out in the same way as testator himself previously made expenditure for the family, and the "ratio" or proportions of the sum and at what particular time to be paid is left to the discretion of the trustee, but payments between $5,000 and $9,000 are to be made. Such construction is in accord with the general scheme. The wife is to have for the first year and one-half, "while the estate is provided for, two thousand dollars per annum, and when the estate is settled after the above time four thousand dollars each year for life." After the settlement of the estate each of the three sons is to have $3,000, instead of $2,000, a year, so that the sum of $5,000 in additional income is added to the incomes of the beneficiaries after settlement of the estate. I therefore conclude that the advance of from $5,000 to $9,000 is in addition to the separate provisions made for the wife and sons during the settlement of

the estate. The testator intended that during such settlement the family should have funds wherewith to continue in the same circumstances as his previous expenditures had provided. The trustee is "to advance from five thousand dollars to about nine thousand dollars." It is not stated from what funds the advance is to be made. The sums to be advanced are not expressly or by fair implication charged against the annuity for the wife nor against the annuities or accumulations for the sons. In the absence of express designation, and it not appearing from the will as a whole that there was any other intention, the advances are not to be charged against any of the specific beneficial interests elsewhere provided, but the word "advance" is equivalent to the word "pay," and the payment must be made from the funds in the trustee's hands. The provision is for "my wife and sons, not one, but all." During the first year and one-half allowed by testator for settlement of the estate the trustee is to pay from $5,000 to $9,000 out of the principal in its hands as a legacy to the widow, who is charged with the duty of applying the same for the benefit of herself and the three sons. ·

Decisions signed. Submit judgment on July 31st.