EUTEMIO LONGORIA V. THE STATE.

No. 16226.   Delivered March 14, 1934.
Rehearing Denied May 23, 1934.

The opinion states the case.

*R. M. Bounds,* of McAllen, for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for advancing to another money with which to pay a poll tax; punishment, a fine of $100.

Appellant is charged by indictment with loaning and advancing to one Ellis the sum of $1.75 to be used in paying the poll tax of Ellis,—knowing that such money was to be used for such purpose.   Appellant moved to quash the indictment, and excepted to the court's failure to so do, this being the only bill of exceptions in the record. There seems nothing in the proposition, which is not even argued in appellant's brief.

It is urged in the brief that since the indictment charged appellant with "loaning and advancing" money to Ellis with which to pay his poll tax, and further since Ellis swore that

there was no understanding or agreement that the money furnished him by appellant for said purpose was a loan or was to be repaid, hence there was a fatal variance. The exact point urged seems to be that the words "loan and advance" mean substantially the same thing, and that the proof does not show a loan, but, if anything, a gift to Ellis from appellant of said money. Appellant also contends that article 201, P. C., makes penal the gift of money with which to pay poll taxes, and he concludes that it was the intent of the legislature in article 204, P. C., only to punish for the loan of such money. We do not agree with either proposition. Article 201 plainly was intended to punish him who gives to another money, not with intent to have said money used in paying the poll tax of such other,—but in order to induce him to pay such poll tax. Article 204 seems enacted to punish him who furnishes to another money, either as a loan or a gift, or under any other pretext, with which to pay the poll tax of the party to whom same is furnished. The language of said article 204 is: "Whoever loans or advances money to another knowing it to be used for paying the poll tax of such other person, shall be fined," etc.

Admitting that the evidence does not support the proposition of a loan, we are constrained to hold that the word "advance," used in the statute, does embrace what was done by appellant. Examining authorities as to the meaning of the word "advance," we observe Mr. Webster lays down, among other meanings, the following: "To furnish, as money, or other value, before it becomes due, or in aid of an enterprise." In volume 1 of cyc., at page 966, we observe, among the meanings of the word "advance," the following: "To supply beforehand, * * * to furnish as part of a stock or fund." As holding the word "advance" not necessarily to make a loan, attention is called to Paine v. Mining Co., 13 Ariz., 406, 114 Pac., 964; Schlesinger v. Burland, 85 N. Y., Supp., 350; Central Trust Co. v. Egleston, 98 N. Y. Supp., 1055. In the case of Arbaugh v. Shockney, 34 Ind. App., 268, 72 N. E., 668, it is held that to advance is to supply beforehand; to pay before the equivalent is received; to pay before the proper time. In Fuller v. State, 2 Ga. App., 696, 59 S. E., 1, in construing a criminal statute, the word "advance" was held to mean a payment of money which had not been earned. In Prouty v. Swift, 51 N. Y., 597, it was held that the usual and customary use of the word "advance" includes both loans and gifts.

We further observe that in accordance with settled rules of interpretation of statutes, even when the language used is susceptible to two meanings, the courts are to give it that meaning

which will conform to the scope of the act and carry out the purpose of the statute. Mr. Black, in his Hornbook on Interpretation of Laws, p. 56, lays down the rule that where the language used is ambiguous, or admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute.

If the legislature seriously intended to define as a crime the furnishing by one person of money to another with which to pay the poll tax of the latter, it would be a very serious reflection for the courts to say that when only two words are used in the statute to express their forbiddance, and these are the words "loan" and "advance" they mean the same thing, and that no matter how much money was furnished, or how many such acts of political debauchery were shown, same could not be punished, unless such money was shown to be a loan. We feel constrained to follow the favorable rule of interpretation, and are of opinion that the word "Advance" as used in this statute, must be taken in the sense of furnishing, giving, paying, etc. The evidence overwhelmingly shows that appellant furnished Ellis money, knowing it was to be used for paying the poll tax of Ellis, and that same was so paid with such money.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing counsel for appellant presents a persuasive argument urging that in our original opinion we erroneously construed articles 201 and 204 of the Penal Code. Our views remain unchanged regarding the matter, and we think can not be more clearly stated than as set out originally.

The motion for rehearing is overruled.

*Overruled.*