

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 22, 1950

Hon. Geo. W. Cox, M.D.
State Health Officer
Department of Health
Austin, Texas

Opinion No. V-1094.

Re: The legality of crema-
tion without first ob-
taining the certificate
of a Justice of the
Peace that an autopsy
was performed or is un-
necessary.

Dear Sir:

Your recent request for an opinion from this office reads in part as follows:

"A question has been raised by one of the crematories in this State concern-ing the proper interpretation of Section 2, Article 969, Code of Criminal Proce-dure.

"Please advise me if a certificate stating that an autopsy was performed or that no autopsy was necessary should be required in only those instances where the death record shows that an inquest was held? Or, should the owner or oper-ator of a crematory before cremating any body demand and be furnished with a cer-tificate signed by the justice of the peace of the precinct in which the death occurred stating that an autopsy was per-formed or that no autopsy was necessary?"

Section 2 of Article 969, V C.C.P., provides:

"Before any body, upon which an in-quest is authorized by the provisions of Article 968, Code of Criminal Procedure, 1925, as herein amended, can be lawfully cremated, an autopsy shall be performed thereon as provided in this Act, or a cer-tificate that no autopsy was necessary shall be furnished by the Justice of the Peace. Before any dead body can be law-fully cremated, the owner or operator of

the crematory shall demand and be fur-
nished with a certificate signed by the
Justice of the Peace of the justice pre-
cinct in which the death occurred showing
that an autopsy was performed on said body
or that no autopsy thereon was necessary.
No autopsy shall be required by the Jus-
tice of the Peace as a prerequisite to
cremation in case death was caused by the
pestilential diseases of Asiatic cholera,
bubonic plague, typhus fever, or smallpox,
named in Rule 77, Sanitary Code of Texas,
Article 4477, Revised Civil Statutes of
Texas, 1925. All certificates furnished
the owner or operator of a crematory by
any Justice of the Peace, under the terms
of this Act, shall be preserved by such
owner or operator of such crematory for a
period of two (2) years from the date of
the cremation of said body."

It must be admitted that this statute is not
free from ambiguity.

It is stated in Texarkana & Ft. S. Ry. v.
Houston Gas & Fuel Co., 121 Tex. 594, 601, 51 S.W.2d
284, 287 (1932):

"In construing statutes enacted di-
rectly by the Legislature it is the duty
of the court to look to the entire act,
including the caption, the body of the
act, and even the emergency clause, to
determine the legislative intent. When
the legislative intent is once determin-
ed it is the law."

In Hidalgo County Drainage Dist.No.1 v. David-
son, 102 Tex. 539, 543, 120 S.W. 849, 851 (1909), it is
stated at page 851:

"In determining the sense in which
the language was used by the Legislature,
we will look to context and to the purpose
of the Legislature in enacting the law."

Also, in Longoria v. State, 126 Tex. Crim. 362,
363, 71 S.W.2d 268, 269 (1934), we find the following:

"We further observe that in accordance with settled rules of interpretation of statutes, even when the language used is susceptible of two meanings, the courts are to give it that meaning which will conform to the scope of the act and carry out the purpose of the statute. Mr. Black, in his Hornbook on Interpretation of Laws, p. 56, lays down the rule that, where the language used is ambiguous, or admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute."

House Bill 217, Acts 50th Leg. 1947, ch.369, p.745, amended Articles 968, 969, 970, 971, and 1053, Vernon's Code of Criminal Procedure, and Section 1 of House Bill 613, Acts 46th Leg. 1939, ch. 1, p. 343. All of these statutes deal with inquests.

The emergency clause of House Bill 217, supra, provides in part:

"The fact that Justices of the Peace and physicians and chemists are now underpaid for their services in connection with the holding of inquests and the performing of autopsies on dead bodies; the fact that public health officers and registrars of vital statistics information now have no means of ascertaining the cause of death, in certain cases, as required by the Sanitary Code of Texas; and the further fact that, as a safeguard in the detection and prevention of crime, dead bodies should not be cremated until the cause of death is determined; . . ."

We believe that the Legislature, in passing House Bill 217, was considering only those instances in which inquests were authorized to be held. To hold that such a certificate is required in all cases would be requiring the Justice of Peace to issue a certificate as to facts of which he could have no direct knowledge in the absence of an investigation. The statutes do not authorize investigations by the Justice of the Peace except in connection with inquest proceedings.

Hon. Geo. W. Cox, M.D., page 4  (V-1094)

        Therefore, we agree with you that a certificate stating that an autopsy was performed or that no autopsy was necessary should be required only in those instances where the death record shows that an inquest was held.

        A certificate stating that an autopsy was performed or that no autopsy was necessary is a prerequisite for cremation only when the death record shows an inquest was held.  The operator of a crematory is not required to get a certificate signed by the Justice of the Peace of the precinct in which the death occurred, stating that an autopsy was held or that no autopsy was necessary, in any other case before cremating a body.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mf:mw

Yours very truly,

PRICE DANIEL
Attorney General

By  Bruce Allen
    Bruce Allen
    Assistant