

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 18, 1958

Dr. Henry Holle
State Department of Health
Austin, Texas

Opinion No. WW-449

Re: Is a certificate stating
that an autopsy was per-
formed or that no autopsy
was necessary required in
only those instances where
an inquest was held?  Must
the owner or operator of a
crematory, before cremating
any body, demand and be
furnished with a certificate
signed by the Medical Exam-
iner, if the death occurred
in a county having the of-
fice of Medical Examiner,
stating that an autopsy was
performed or that no autop-

Dear Dr. Holle:                    sy was necessary?

In your recent request for an opinion from this
office, your letter read substantially as follows:

In counties which are authorized to establish and
maintain the office of Medical Examiner as pro-
vided in Article 989a, Vernon's Code of Criminal
Procedure, a question has been raised by one of
the crematories as to the proper interpretation of
Section 10 of the Article.

Is a certificate stating that an autopsy was per-
formed or that no autopsy was necessary required
in only those instances where the death record
shows that an inquest was held?  Must the owner

or operator of a crematory, before cremating any body, demand and be furnished with a certificate signed by the Medical Examiner, stating that an autopsy was performed or that no autopsy was necessary?

Section 10 of Article 989a, Vernon's Code of Criminal Procedure, provides, in part, as follows:

"Before any body, upon which an inquest is authorized by the provisions of this Act, can be lawfully cremated, an autopsy shall be performed thereon as provided in this Act, or a certificate that no autopsy was necessary shall be furnished by the Medical Examiner. Before any dead body can be lawfully cremated, the owner or operator of the crematory shall demand and be furnished with a certificate, signed by the Medical Examiner of the county in which the death occurred showing that an autopsy was performed on said body or that no autopsy thereon was necessary. It shall be the duty of the Medical Examiner to determine whether or not, from all the circumstances surrounding the death, an autopsy is necessary prior to issuing a certificate under the provisions of this section . . . "

The statute is somewhat ambiguous. In discussing the dissolution of ambiguities the Court said, in Longoria v. State, 126 Tex. Crim. 362, 363, 71 S.W.2d 268, 269 (1934):

"We further observe that in accordance with settled rules of interpretation of statutes, even when the language used is susceptible of two meanings, the courts are to give it that meaning which will conform to the scope of the act and carry out the purpose of the statute. Mr. Black, in his Hornbook on Interpretation of Laws, p. 56, lays down the rule that, where the language used is ambiguous, or admits of more than one meaning, it is to be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute."

For further discussion concerning the construction of statutes see also Texarkana & Ft. S. Ry. v. Houston Gas & Fuel Co., 121 Tex. 594, 601, 51 S.W.2d 284, 287 (1932) and Hidalgo County Drainage Dist. No. 1 v. Davidson, 102 Tex. 539, 543, 120 S.W. 849, 851 (1909).

The Legislature, in our opinion, in passing House Bill 539, Acts 54th Legislature, Regular Session, 1955, Chapter 159, page 524 (codified as Article 989a of Vernon's Code of Criminal Procedure) considered only those instances in which inquests were authorized to be held. To hold otherwise would require a Medical Examiner to issue a certificate as to facts unknown to him in the absence of an investigation on his part. An investigation which would reveal those facts is not authorized by the statutes except in connection with inquest proceedings.

The opinion of this office is that a certificate stating that an autopsy was performed or that no autopsy was necessary should be required in only those instances where the death record shows that an inquest was held. The owner or operator of a crematory, before cremating any body, is not required to demand and be furnished with a certificate signed by the Medical Examiner, if the death occurred in a county having the office of Medical Examiner, stating that an autopsy was performed or that no autopsy was necessary, except where the death record shows that an inquest was held.

## SUMMARY

A certificate stating that an autopsy was performed or that no autopsy was necessary should be required in only those instances where the death record shows that an inquest was held. The owner or operator of a crematory, before cremating any body, is not required to demand and be furnished with a certificate signed by the Medical Examiner, stating

Dr. Henry Holle, Page 4 (WW-449).

> that an autopsy was performed or
> that no autopsy was necessary,
> except where the death record
> shows that an inquest was held.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Byron Fullerton
Assistant

BF:am:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Arthur Sandlin

Richard B. Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert