[Argued March 4; decided April 12, 1897.]

## HAMILTON *v.* GAMBELL.

· (48 Pac. 433.)

MUNICIPAL CORPORATIONS— PUBLIC IMPROVEMENTS— GARNISHMENT.—Portland City Charter, § 118, providing for the taking of bonds for the faithful performance of a contract for improvements, and also to secure material men and others their claims under such contract, is not violated by an ordinance which provides that where public improvements have been accepted by the proper authorities a material man may file his claim with the city auditor within five days thereafter, and directs that the auditor shall withhold the amount due the contractor till the amount of the claim is adjusted, and that on the failure of the contractor and the claimant to agree, and on the claimant's commencing within twenty days an action to recover the claim, and causing a writ of attachment to be issued and notice thereof to be served on the auditor, the auditor shall withhold a warrant from the contractor till a final determination of the rights of the parties. The section in the charter requiring a bond with certain conditions is not

a limitation on the manner in which contracts may be drawn, but is a proviso that no contract shall be made without that kind of bond. The regulation of the ordinance is a reasonable one, intended to comply with the moral duty resting alike on public corporations and private persons to see that those who perform services for them, either directly or indirectly, are paid, and it does not subject the city to garnishment.

From Multnomah:   E. D. SHATTUCK, Judge.

Replevin by A. Hamilton against A. N. Gambell, as auditor of the City of Portland, to recover the possession of certain warrants. A demurrer to the answer having been sustained, defendant appeals.

REVERSED.

For appellant there was a brief over the names of *William M. Cake*, city attorney, and *Frederick L. Keenan*, with an oral argument by *Mr. Cake*.

For respondent there was a brief over the name of *Hume & Hall*, with an oral argument by *Mr. John H. Hall*.

Opinion by MR. JUSTICE WOLVERTON.

This is an action for the recovery of three certain city warrants drawn upon the treasurer of the City of Portland, and signed by its mayor and auditor, of the aggregate value of $862.50. The defendant, who is the auditor of the city, interposed two defenses: *First*, that he withholds and detains the warrants in pursuance of certain provisions of Ordinance No. 9183, which are, in effect, as follows:—

Section 1.   Where any work is done under contract with the city for street or sewer improvements,

and has been accepted by the common council, the auditor is required to withhold the issuance of warrants in payment therefor for a period of five days, after which he shall issue and deliver the same; *provided,* no person who has furnished material or labor, actually used, shall have previously filed in his office an unadjusted claim therefor.

Section 2.   Any person, firm, or subcontractor furnishing materials or labor, actually used or employed in such improvements, at the request of the contractor, may at any time before warrants are delivered as provided for in section 1 file his or their claim therefor in writing with the auditor, stating the amount thereof, which shall be withheld from the amount due such contractor until such claim is adjusted and agreed upon as provided in the following section.

Section 3.   If the amount of the claims is agreed upon and adjusted by the claimant and contractor, the auditor shall deliver warrants in accordance with the adjustment; otherwise he shall retain them for a period not to exceed twenty days from the date of the acceptance of the work, when he shall deliver the same to the contractor, unless the claimant shall, previous to the expiration of said twenty days, commence an action upon the claim, and cause a writ of attachment to be issued and notice thereof in writing to be served upon the auditor, in which case he shall withhold the warrants until the rights of the respective parties are finally determined.

Section 5.   All contracts for such improvements shall provide that the same shall be subject to the provisions of the ordinance.

It appears that the Andrews Lumber Company had a claim of $862.50 against the plaintiff, alleged to be for lumber furnished and used in city improvements, which claim it filed with the auditor, and sued upon as contemplated by the ordinance, and had notice in writing of the commencement of the action and issuance of the writ of attachment served upon the auditor.

And *second*, it is alleged, by way of estoppel, that in pursuance of advertisements for bids for the improvements, with notice that the contract therefor was to be let subject to the provisions of the foregoing ordinance, plaintiff bid for the work, and thereafter, on April 7, 1896, entered into a contract with the city whereby it was provided, among other things, that the contract was made and entered into subject to the provisions of ordinance No. 9183, which was expressly made a part of the same, and at the same time entered into bond with the city for the faithful performance of the specifications of said contract subject to the provisions of said ordinance. A demurrer was interposed to the affirmative matter of the answer, which was sustained; and, defendant refusing to plead further, judgment was entered for plaintiff, from which defendant appeals.

In support of the demurrer, it is urged that the city council was without power or authority, under the charter of the City of Portland, to enact ordinance No. 9183, and that it is, therefore, *ultra vires* and void. Section 118, of the charter, is cited as containing the only provisions to be found which in any way lend support or authority for the enactment, and it is

claimed that, as it points out and prescribes a certain measure that the council shall adopt for the protection and security of laborers, material men, and subcontractors in their just claims for labor and materials furnished contractors with the city while making improvements, the particular measure is exclusive of all others intended for the security and protection of the class of individuals designated. It is as follows: "The council must provide by ordinance for the time and manner of doing the work on any proposed improvement subject only to the following restrictions, viz": After directing what notice shall be given, and prescribing the manner of letting the contract, it continues: "The council shall provide for taking security by good and sufficient bonds for the faithful performance of any contract let under its authority, and to secure laborers and material men and subcontractors their just claims under said contracts, and also the faithful maintenance and guarantee of such work for five years or such other time as the council may prescribe, and the provision thereof shall be enforced by an action in the name of the City of Portland." Preliminarily, we may say that the word "provision," in the latter clause, was evidently intended to read "provisions," so as to cover all the enumerated stipulations, as the context does not seem suited to any other interpretation. But as to the powers of the council: The section does not purport to be restrictive of any other or different measures that the council may see fit, in its wisdom, to adopt for the accomplishment of the purposes contemplated by the charter. Indeed, it is but a fair and just implication and interpretation

from the language employed that the only restriction
imposed upon the power of legislation touching the
subject is that the particular kind or method of secur-
ity pointed out shall not be overlooked, or, rather,
that it shall in any case be adopted in providing for
the improvements designated. " The council shall
provide by ordinance  *  *  *  subject only to the
following restrictions": Is not here an implied lati-
tude for legislation extending beyond the enumerated
restrictions? It would seem from the reading that the
power was otherwise limitless for the accomplishment
of the specified purposes. This is not a case where
the mode of contracting is specially and plainly pre-
scribed and limited, but where a designated mode is
appointed, which constitutes the only restriction, and
it cannot, therefore, become the measure of the power.
That the section in question, when considered as a
whole, confers the power upon the city to enter into
contracts with individuals for making the specified
improvements, will hardly be questioned. But, be
this as it may, there is always an implied or incidental
authority to contract obligations necessary to the exe-
cution of special powers and functions with which the
city is endowed by its charter: 1 Dillon on Munici-
pal Corporations (4th ed.), §§ 443, 447. So, also, the
power to contract, unless limited or restricted by cer-
tain conditions or a particular mode or method, neces-
sarily carries with it the power to impose any reason-
able regulations not contrary to law or public policy
which may seem most conducive to the successful ac-
complishment of the purposes in hand.

It is said that municipalities, as well as individuals,

have moral purposes to subserve in their dealings, and, while they may not be legally compellable to recognize such purposes, yet it is entirely proper for them to do so, and they are not to be excused for a dereliction of duty in this regard. Accordingly, it has been held that it was competent for a municipality to enter into stipulations with a contractor for the construction of a public building, making his payment conditional upon his performing the obligations which he may assume towards his subcontractors and those furnishing labor and materials in the course of the fulfillment of the contract: *Knapp* v. *Swaney*, 56 Mich. 345 (56 Am. Rep. 397, 23 N. W. 162). The language of Judge COOLEY is so pertinent here we may be pardoned if we quote somewhat at length. He says: "A corporation, when constructing a public building or other public work, is chargeable with moral duty, as an individual would be, to see that it is so constructed that people may not be injured in coming near to or making use of it in a proper manner. In some cases they may not be legally responsible for failure to perform this duty; but where the moral obligation exists, it cannot be said that any provision for its performance, not improper in itself, is *ultra vires*. A county may go to great pains and great expense to make its courthouse unquestionably safe, that individual citizens may not suffer injuries consequent upon its construction. But, if it may do this, it would be very strange if it were found lacking in authority to stipulate in the contract for the building that the contractors, when calling for payment, shall show that they are performing their obligations to

those who supply the labor and materials, and that
the county is not obtaining the building at the ex-
pense of a few of its people." As approving the doc-
trine, see, also, *Sample* v. *Hale*, 34 Neb. 220 (51 N. W.
837). So we may infer that it was competent for the
municipality in the present case to provide by ordi-
nance for the further protection and security of sub-
contractors, laborers, and material men in their just
claims against original contractors with the city for
labor and materials furnished them, and of which the
city obtains and may enjoy the benefit, by enacting
that the contractor shall settle with such claimants
before he will be entitled to his stipulated compensa-
tion; and the conditions touching the time during
which the amount due the contractor shall be with-
held are certainly reasonable.

But it is insisted that the ordinance contravenes
the recognized policy of the state, which exempts mu-
nicipalities and their officers from attachment and
garnishment. We do not think that the ordinance
was intended to make the city the subject of gar-
nishment. It merely prescribes the conditions under
which the contractor shall become entitled to the
warrants which constitute his compensation for stip-
ulated services, and in the meantime the auditor is
directed to withhold them. It was surely competent
for the city to impose a condition that the contractor's
compensation should not fall due for five days after
the completion of the work; and, if for that length of
time, why not for twenty days? And, in view of its
moral obligation to see that persons who have fur-
nished labor and materials for the use of the munici-

pality shall not go away empty handed, it does not seem unreasonable to require of the contractor that he settle with those furnishing such labor and material at his request before he shall be entitled to his wages, and impose conditions accordingly. Such is the purpose of the ordinance, and the direction to withhold the warrants after action begun and writ of attachment issued, and notice thereof served upon the auditor, is but a means of conserving the purpose. The required stipulations are but conditions of the time and manner of payment, of which every person who contracts with the city must take notice, and to which he must voluntarily subscribe if he would make the improvements. We think the city council was invested with ample power and authority to enact the ordinance in question, and that the conditions complained of are not *ultra vires* or without validity, as it pertains either to the ordinance or the contract made in pursuance thereof, and, therefore, that the defense interposed was sufficient in law, if sustained by the facts, to defeat the action. The cause will be remanded, with directions to overrule the demurrer.

REVERSED.