**DONALDSON & YAHN v. BENIGHT et al.**

No. 13701—Opinion Filed Oct. 7, 1924.

Rehearing Denied Dec. 23, 1924.

1. **Municipal Corporations—Construction of Water Works Extension—Several Contracts for Single Project.**

The subject-matter out of which this action arose was the extension of the water works system for the city of Perry. The process of doing the work was divided into three parts each covered by separate contracts, between the same parties. The entire work involved the completion of a single project.

2. **Same—Protection of Laborers and Materialmen — Builder's Bond in Lieu of Mechanic's Lien.**

Public buildings and structures are not subject to labor and materialmen's liens. The statute has provided for a builder's bond in lieu of the mechanic's lien to protect the labor and materialmen for labor and material furnished and provided for the builder. In addition to the builder's bond collateral thereto, municipalities and builders may contract for the city to pay any claims for labor and material out of sums owing to the contractor which the latter fails to pay.

3. **Contracts — Benefit of Third Party — Enforcement by Beneficiary.**

Parties may make a contract for the benefit of a third party, who may enforce the same in an action in his own name. If the third party meets the conditions prescribed by the contract so as to entitle him to the benefits created by the same, then the original parties cannot modify or change the terms and provisions of the contract so as to affect the rights of the beneficiary without the consent of the latter.

4. **Municipal Corporations—Assignment of Amount Due on Public Building Contract — Satisfaction of Claims for Labor and Material.**

The assignee of the amount due on a contract for a public building takes the assignment subject to the provisions of the contract with the municipality. If the contract provides for the protection of labor and materialmen's claims out of any indebtedness owing to the contractor, the burden is on the assignee, before taking the assignment, to ascertain if the rights of any labor and materialmen have attached under the contract.

5. **Same—Construction of Builder's Bond and Contract.**

In construing a builder's bond and contract made for the protection of labor and materialmen, in connection with other contracts for the construction of public buildings, the instruments will be construed and applied, as far as practicable, so as to effect the aims and purposes of the mechanic's lien law, in relation to the same class of persons who furnish labor and material for the construction of buildings for private owners.

6. **Same—Priority of Claims for Labor and Material Over Rights of Contractor's Assignee.**

Record examined; held, the three contracts between the same parties related to the building of a single project. Under the contracts, whatever sums of money the city may hold for the contractor, without regard to the part of the project it may be

owing for, and without regard to the part of the project the labor and material was furnished for, the city is bound to pay the sum to the interpleaders herein, according to their rights in the matter. C. D. Benight, the assignee of the contractors, took his assignment subject to the rights of the labor and materialmen, whose rights had attached prior to the date of the assignment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Noble County; C. C. Smith, Judge.

Action by C. D Benight against the City of Perry for recovery of debt. Donaldson & Yahn, a partnership, and James Klostermyer interpleaded in the cause, claiming the same fund. Judgment for plaintiff. Interpleaders bring error. Reversed and remanded, with directions.

Cress & Tebbe, for interpleaders.

W. M. Bowles, for defendant in error C. D. Benight.

Opinion by STEPHENSON, C. The city of Perry contracted with Alderson and Knox by separate agreements to construct one dam and reservoir, one pipe line, and one filtration plant. The contracts required the builder to give a bond for the protection of the labor and materialmen. In addition to the bond and for the protection of the same class of persons, each contract covering the construction of the three divisions of the project, contained the following provisions:

"If at any time during the progress of said labor the contractor shall fail or neglect to pay for labor performed or material furnished upon this work, then the city shall have the power to pay for such material or such labor out of amounts that may be due to said contractor, and in any such case the city, through the engineer, is hereby authorized and empowered to ascertain the amount or amounts due and owing to any labor or laborers from said contractors, in such manner and upon such proof as they may deem sufficient, without giving any notice of such proceedings to said contractor; and the amount or amounts so found by the city to be due to such laborer or laborers, shall be final and conclusive as against said contractor, and may thereafter be paid by said city to such laborer or laborers."

The foregoing provision was made by the city for the protection of labor and materialmen, who provided and furnished material for the completion of the project. The contract in this respect was supplemental to the statutory bond required for like purposes. The surety company which executed the bond for the protection of materialmen became insolvent before this action was commenced. At the time the contractors terminated their work on the project, the city was indebted to them in about the sum of $7,400. The contractors were indebted to Donaldson and Yahn for material furnished them for use in the construction work in about the sum of $6,100. The claimants commenced their action on the contract referred to above against the city and others for recovery of the indebtedness owing to them. Judgment went against the plaintiffs, who appealed the cause to this court, styled herein as Donaldson & Yahn v. City of Perry et al., 105 Okla. 111, 232 Pac. 119. The contractors were also indebted to James Klostermyer for labor and material furnished on the project in about the sum of $1,200. The claimant commenced his action against the same defendants with like results, and the cause is here on appeal, styled as Klostermyer v. City of Perry et al., 105 Okla. 111, 232 Pac. 119. The Bank of Commerce of Perry had extended credit to the contractors in the course of the construction work in about the sum of $7,800. The indebtedness was evidenced by a note executed and delivered by the contractors to the bank. The president of the bank was a member of the city council which entered into the agreement with the contractors. The bank assigned the note owing by the contractors to C. D. Benight, the father-in-law of the president of the bank. The contractors, by written agreement, undertook to assign their unpaid claim against the city to Benight to secure the payment of the note, so assigned to him by the bank. Benight commenced his action on the assignment against the city for recovery of the unpaid balance due the contractors. The plaintiff in the other two actions against the city of Perry for the same fund interpleaded in this cause, and set up a prior claim on the contract for the fund as labor and materialmen. In the trial of the cause judgment went for Benight and against the city of Perry and the interpleaders. Judgment went against the interpleaders, as plaintiffs in the other two causes. The interpleaders have appealed the three actions to this court. In this action the interpleaders assign as error for reversal: (1) The judgment is contrary to law; and (2) the judgment is contrary to the evidence.

The only question involved in this appeal is the construction and effect which should be given to the provision of the three contracts herein quoted.

A mechanic's lien cannot be created against public buildings or constructions in this state. Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914-C, 98 and notes thereto.

Section 7486, Comp. Stat. 1921, requires the proper officer contracting for public improvements and buildings to take a good and sufficient bond from the contractor in a sum equal to the contract price to be paid for the improvements, conditioned that the contractor should pay for the indebtedness incurred for labor and material furnished in the construction of the improvements or buildings. As the law denies to such claimants the right of a mechanic's lien against public improvements and buildings, it was evidently the purpose of the Legislature for the bond to take the place of the lien. It was the intention, no doubt, of the lawmaking body that the bond and any supplementary contract should be deemed as taking the place of the mechanic's lien, so far as practicable, in providing a remedy for those who furnish labor and material in the construction of public buildings and improvements. Cleveland Bankers Surety Co. v. Maxwell, 222 Fed. 797; American Surety Co. v. Lawrenceville Cement Co., 110 Fed. 717.

Each of the three contracts entered into between the city and Alderson and Knox related to the doing of a particular part of the general project. The completion of all parts as covered by the three contracts was necessary in order for the city to get the benefit of the completion of either part. The laying of the pipe line and construction of the filtration plant would have been useless without the dam and reservoir. The building of the dam and reservoir would have been useless without the pipe line. The three contracts are between the same parties and relate to one entire subject-matter. Benight treats the three contracts as one contract for the construction work in his action to recover on the assignment. He treats the assignment as one cause of action against the city. It appears that all parties treated the contracts as one contract in doing the construction work, as it related to the completion of a single project. Therefore, Benight cannot maintain his contention that the interpleaders must confine their recovery to the unpaid sum for each division of the work for which the labor and materials were furnished.

Section 4988, Comp. Stat. 1921, authorizes the making of a contract for the benefit of a third party in the following language:

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

If the party for whose benefit the contract was made acts on the offer as provided by the terms of the agreement, he becomes entitled to the benefits provided by the contract as fully as if he had joined in the making of the contract in the first instance. After the third party has acted on the offer or terms of the contract, the original parties to the contract cannot change or modify the provisions without the consent and agreement of the beneficiary or third party. Tweeddale v. Tweeddale, 116 Wis. 517, 93 N. W. 440; Bay v. Williams, 112 Ill. 91, 54 Am. St. Rep. 209.

The cases dealing with the validity of contracts made for the benefit of third parties apply varied rules to the enforcement of such contracts. The grounds upon which the cases place the right of the third party to enforce the contract and the conditions under which it will be enforced are about as numerous as the cases passing on the question. But where the contract provides for a condition which shall be accepted by the third party before he is entitled to the benefits of the contract, there should not be any question of the right of the beneficiary or third party to maintain his action on the contract, after complying with the offer or promise. After the rights of the third party have so attached under the contract, the beneficiary then becomes a party to the contract, hence the necessity for his consent to modify or change the terms of the contract. The city was acting within the scope of its rightful powers in making the provisions for the payment of labor and materialmen's claims, by the agreement with the contractor. There was sufficient consideration for the contract. Sample v. Hale, 34 Neb. 220, 51 N. W. 837; Luthy v. Wood, 6 Mo. App. Rep. 67; Hamilton v. Gambell, 31 Ore. 328, 48 Pac. 433.

The act of the contractors in undertaking to assign the fund in question was an attempt on their part to modify or change the terms of the contract after the beneficiary or third party had acted on the offer or promise contained in the agreement. At this stage of the proceeding, neither the city nor the contractors, acting singly or together, could change the effect of the contract so as to impair the rights of the interpleaders therein, without their consent. The assignment of the claim came to Benight charged with all the rights and equities of the interpleaders. Gillette v.

Murphy, 7 Okla. 91, 54 Pac. 413; Jack v. Natl. Bank of Wichita, 17 Okla. 430, 89 Pac. 219. The rights of the interpleaders in the fund held by the city are equal. and are superior to the claim of the assignee.

It is recommended that this case be reversed and remanded with the following instructions: (1) That the three appeals involving this fund and referred to herein be consolidated in the trial court: (2) that the amount rightfully owing by the city to the contractors be ascertained by the trial court; (3) if it be insufficient to pay the claims of the interpleaders and the court costs, that the costs be first paid and the balance prorated between the interpleaders; and (4) if it be more than sufficient to pay the claims of the interpleaders. then judgment should be entered in favor of Benight and against the city for the remainder.

By the court: It is so ordered.