# LUCAS v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

### Division One, April 1, 1903.

1. **Appellate Jurisdiction:** JURY LAW. The calling in question the constitutionality of the jury law gives the Supreme Court jurisdiction of·the appeal.

2. **Negligence:** STREET RAILWAYS: STUMP AND PLATFORM. An electric lighting company placed a pole for its lights within the lines ·of a public street. Thereafter a street railway company placed a platform around the pole for the accommodation of its passengers, but altogether upon the public street, in which, of course, the street railway had no right of way. Afterwards the lighting ·company cut down the pole, but left its stump about a foot above the platform. Later the railway company replaced the wooden platform with a granitoid one, leaving the stump there. *Held*, that as the street railway company did not place the stump in the platform, which was on public property, it had no right to remove it, and was guilty of no negligence in not doing so, and a claim to damages based upon the railway company's negligence in maintaining the stump in the platform can not be upheld.

3. ————: ————: ————: REMOVING NUISANCE. No citizen is under any obligation to remove a nuisance from a public highway which he did not put there, and which he does not adopt or continue or use, notwithstanding he may know it is calculated to do injury to a traveler.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

REVERSED.

*McKeighan & Watts* and *Robert A. Holland, Jr.*, for appellant.

(1) The court erred in refusing to give the instruction in the nature of a demurrer to the evidence, asked by defendant, at the close of all the evidence. (a) Said instruction should have been given because the

plaintiff's petition does not state a cause of action.  St. Louis v. Life Ins. Co., 107 Mo. 92; 2 Shearman & Redfield on Negligence, sec. 343.  (b) Said instruction should have been given because the testimony failed to establish any negligence on the part of the defendant. St. Louis v. Life Ins. Co., supra; 2 Shearman & Redfield on Negligence, sec. 343.  (2) The court erred in giving instruction 2, asked by plaintiff and given by the court, said instruction stating that plaintiff was entitled to recover if there was in the granitoid platform of defendant a stump that made it dangerous for persons passing in that vicinity.  Said instruction does not require the jury to find that said stump was maintained by defendant.  St. Louis v. Life Ins. Co., supra; 2 Shearman & Redfield on Negligence, sec. 343. (3) The court erred in giving instruction 3, offered by plaintiff and given by the court, said instruction stating, in effect, that the mere fact that plaintiff knew the stump in question was in the platform and that she stumbled over it would not defeat a recovery in this case.  Said instruction was erroneous because if the jury considered such conduct negligence, plaintiff would properly be barred from recovery because she would then have been guilty of contributory negligence.  Gerdes v. Christopher & Simpson, 124 Mo. 346; Flynn v. City of Neosho, 114 Mo. 567; Cohn v. City of Kansas, 108 Mo. 387.

*A. R. Taylor* for respondent.

(1)   This case is grounded upon the default of the duty owing by the carrier to its passenger, in maintaining a reasonably safe platform for its passengers to be on whilst proceeding to become passengers upon the carrier's vehicle.  The case proceeded throughout the trial upon the theory that appellant owed the duty to respondent, as an intending passenger, of using ordinary care to have its platform on which she was invited to take passage on its car, reasonably safe for that pur-

pose, and that the maintaining of the platform with this stump in it was not such care. This is the law. Hutchinson on Passenger Carriers (2 Ed.), sec. 516, 522. (2) There is no merit in the several contentions by appellant as to who put the stump where it was, or whether it was in a street or not. This is entirely beside the question. The appellant erected and maintained the platform with the stump in it for its passengers, those to become passengers as well as those leaving its cars. It was appellant's platform. It invited its intending passengers to come on to the platform to take passage. It owed the special duty to such passengers of care to provide a platform reasonably safe. How does it perform that duty by constructing and maintaining a platform not so safe, by the excuse that it was not its stump that made the platform unsafe? It was its platform with the stump in it. It invited respondent to go upon the platform to take passage on its car. The platform did not, as found by the jury, answer to the law of its duty, and respondent was injured thereby. The case was flawless as made.

MARSHALL, J.—This is an action for damages for personal injuries. There was a verdict for three thousand dollars, and the defendant appealed. The constitutionality of the jury law is called in question, and that gives this court jurisdiction.

The negligence charged on the petition is:

"That at or near the intersection of Euclid avenue and defendant's right of way in the city of St. Louis the defendant at the times herein mentioned was maintaining a platform to enable passengers to get on its cars bound east; that in the said platform, which was of granitoid, there was a stump about eleven inches in height and defendant was negligently maintaining said platform at said times with said stump therein, which was a dangerous obstruction to passengers intending to get upon defendant's cars from said platform; that on

January 1, 1900, the plaintiff was upon said platform, intending to become a passenger upon defendant's east-bound car, and whilst she was signaling the car to stop for her as a passenger her foot struck said stump and she fell from said platform upon defendant's track and was struck and dragged by defendant's east-bound car and was thereby greatly and permanently injured."

The answer is a general denial and a plea of contributory negligence.

The case made is this: the parties stipulated that in 1857 Charlotte Lay dedicated to the county of St. Louis a strip of land eighty feet wide running north and south as a public road, and called it Lay avenue. At that time there was no railroad there. Subsequently the narrow-gauge railroad was built and it crossed the said road. The defendant is the mesne grantee of that railroad, and operates a street railroad across said strip of land. When the city limits were extended so as to embrace this territory, the city changed the name to Euclid avenue. At that time the street was an unimproved dirt road, and there were no sidewalks. At a time not disclosed by the evidence, the Missouri-Edison Electric Lighting Company placed one of its poles in the sidewalk on the east side of said Euclid avenue. The pole was about twelve inches in diameter, and stood a little to the right of the middle of the sidewalk. The defendant owns its own right of way, but of course does not own the street. It only crosses the street by permission. The pole stood entirely within the lines of the street and no part of it was upon the defendant's right of way. Formerly, for the convenience of the traveling public, the defendant constructed a wooden platform, seven or eight yards in length and three or four feet wide and which ran parallel with its tracks, and which was partly upon its right of way and partly upon the sidewalk, in fact extending across the sidewalk on the east side of Euclid avenue. The pole aforesaid being already there, the platform was built around the

Vol 174 mo—18.

pole. The platform was raised from four to six inches above the ground. Thereafter the lighting company sawed down the pole, and beveled the edges but left the stump of the pole projecting about eleven inches above the platform. The lighting company then put up a pole in the sidewalk, to the east of the stump and nearly touching it, and nearer the east side of the sidewalk. Thereafter the defendant removed the wooden platform and replaced it with a granitoid platform, and left the stump and the new pole standing, building the granitoid platform around them. Immediately south of the granitoid platform there is an alley running eastwardly, which is paved with brick. Immediately south of the alley there is a drugstore, and south of that a butcher shop, both of which have large glass windows, and are brightly lighted. In front of these two stores there is a cement sidewalk. South thereof there does not appear to be any improved sidewalk, and the street does not appear to be improved. Plaintiff's daughter lives and has for some time lived on the east side of Euclid avenue, just a short block south of the railroad. On the tall pole aforesaid there was an electric light. The defendant's car, that was approaching, had a headlight. So that between the lights in the windows of the drugstore and the butcher shop, and the electric light on the tall pole, which was almost touching the stump, and the headlight on the approaching car, the place was well lighted and the stump could have been easily seen. The plaintiff was familiar with the place and knew of the existence of the stump on the platform and had frequently spoken of it and wondered why it was allowed to remain there. She visited her daughter frequently and always got off and on the car at that place. On January 1, 1900, she visited her daughter. About half past five o'clock she started home. It was dusk, but not dark. As she approached the platform she saw the car coming from the west, and fearing she would be left, when she was seventy or eighty feet from the track, she

increased her pace and ran, signaling the car as she ran. She reached the platform, got up on it in safety, and while signaling the car to stop, she stumbled against the stump of the old pole, and, was thrown against the side of the car, near the rear portion, thereof, and seriously injured.

For the plaintiff the court gave the following instructions which are claimed to be erroneous:

"If the jury find from the evidence in this case that the defendant on January 1, 1900, was a carrier of passengers for hire by street railroad, and as such had erected and was maintaining the platform mentioned in the evidence for the purpose of receiving passengers therefrom bound east from Euclid avenue, then the defendant was bound in duty to exercise ordinary care to keep said platform reasonably secure and safe for passengers who should be thereon for the purpose of entering defendant's cars therefrom; and if the jury find from the evidence that on said day there was existing in said platform a stump of a post extending above the surface of said platform, and that said stump in said platform made it dangerous for persons on said platform for the purpose of entering upon defendant's cars as passengers; and if the jury further find from the evidence that defendant did not exercise ordinary care in maintaining said platform for passengers in such condition; and if the jury further find from the evidence that on said day the plaintiff was on the said platform for the purpose of becoming a passenger upon defendant's east-bound car, and that whilst so upon said platform for said purpose she stumbled over said stump and was thereby caused to fall and be injured by defendant's car; and if the jury believe from the evidence that the plaintiff was exercising ordinary care at the time of her injury, then the plaintiff is entitled to recover, although said stump or the post of which it was a stump had been planted in said place by some other person or corporation than the defendant.

"3.    The court instructs the jury that the mere fact that the plaintiff knew that the stump mentioned in the evidence existed in the platform, and that she stumbled over it (if she did stumble over it) and was injured, will not defeat a recovery in this case."

At the close of the plaintiff's case and also at the close of the whole case the defendant asked peremptory instructions to the jury to find for the defendant and also asked other instructions which, in the view taken of the case, it is unnecessary to set out or refer to.

## I.

The plaintiff predicates a right to recover solely upon the charge that the defendant *maintains* the stump in the granitoid platform.

The stump is within the lines of a public street, and not upon the defendant's property.    It was placed there by the lighting company, and the defendant had nothing to do with its being placed there.    It is on public property, and the defendant is under no duty, and has no right, to remove it.    The defendant built a wooden platform, and left the stump projecting above it, on the public highway, for the benefit of the traveling public.    It was under no duty to build the platform.    Subsequently it replaced the wooden platform with a granitoid platform.    This is the sum of its offending.    Yet it is sued and a recovery had against it on the charge and theory that it maintains the stump in the platform and that this makes it dangerous.

Webster's International Dictionary defines "maintain" to mean "1. To hold or keep in any particular state or condition; to support; to sustain; to uphold; to keep up; not to suffer to fail or decline. 2. To keep possession of; to hold and defend; not to surrender or relinquish.    3. To continue; not to suffer to cease or fail. 4. To bear the expense of; to support; to keep up; to supply with what is needed."

It is demonstrable that the defendant has done nothing which would bring it within any of these meanings of the word "maintain." It did not put the pole or stump there. It was under no obligation to remove it. It has done nothing to keep it there or to prevent it from failing or declining. The pole was put there by the lighting company, was cut down and the stump left there by that company, and the stump has kept itself there ever since. It is located upon a public highway. It was there before there was any platform. Neither the wooden nor the granitoid platform affected the stump or the dangers arising therefrom in any manner whatever.

If an owner raises up, or permits any one else to do so, or keeps up or fails to remove a nuisance on his own premises by which any one suffers injury, he is liable, because he violates his duty as a citizen. If any one creates a nuisance on a public highway, he is primarily liable to any one who is injured thereby, because he has violated his duty as a member of society and has been guilty of a wrongful act for which he is primarily liable. But no citizen is under any personal, legal obligation to remove a nuisance from a public highway, notwithstanding he may know it is calculated to do injury to a traveler on the highway if it is allowed to remain there. To make any man liable for a tort he must have done or omitted to do a duty imposed upon him by law. In the absence of such a duty there is no liability. The law imposes no duty upon the defendant to remove a nuisance in a public highway, which it did not put there, and has nothing more to do with than any other citizen. The building the platform around the stump neither increased nor diminished the danger. The proximate cause of the accident in this case was the stump. The platform in no way had anything to do with the accident. The proximate cause would be the same whether there had been a platform there or whether it had been allowed to remain a dirt walk, as it was when the pole was

put up, when it was sawed off, and when the stump was
left there. The defendant maintains the platform, but it
does not maintain the stump. The stump and not the
platform caused the accident. The only thing the de-
fendant did with respect to the stump was to leave it
in the highway where some one else had placed it, and
being under no legal duty to remove it, it can not be
adjudged guilty of negligence in failing to remove it or
in building the platform around it.

All of the adjudicated cases wherein a citizen has
been held liable for an obstruction or nuisance in a high-
way, have been cases where the person held liable placed
the obstruction or nuisance on the highway or was under
some duty to remove it. [Schweickhardt v. St. Louis,
2 Mo. App. 571; Waltmeyer v. Kansas City, 71 Mo. App.
354; Donoho v. Vulcan Iron Works, 75 Mo. 401; Wiggin,
v. St. Louis, 135 Mo. 558; Grogan v. Foundry Co., 87
Mo. 321; Merrill v. St. Louis, 83 Mo. 244, l. c. 255;
Campbell v. Pope, 96 Mo. 468.]

Of course if one creates the nuisance and another
adopts it and continues it, and keeps it up, as where one
constructs a coal hole in a sidewalk and another uses it
and maintains it, both are liable. [Merrill v. St. Louis,
83 Mo. l. c. 255, 256.]

The general rule is thus stated in 2 Smith's Modern
Law of Municipal Corporations, section 1525: "The
general rule is that the primary duty to keep highways
and streets in repair rests upon the municipal corpora-
tions within whose limits they are, this duty being im-
plied in the acceptance of a charter from the State.
Such duty is not discharged by the fact that a duty is
also imposed upon abutting owners to keep the highway
in repair in front of their land. A lotowner's obliga-
tion to repair streets or sidewalks does not exist at com-
mon law, but is statutory or arises from contract. It
seems well settled that the neglect of an abutting owner
to keep the sidewalk in repair and to keep it free from
snow and ice, as required by a city ordinance, does not

render him liable to a party injured or to the city himself, *unless such owner himself caused the defect.*" (The italics are added.)    In support of. the text the author cites St. Louis v. Insurance Co., 107 Mo. 92, and cases from New York, Massachusetts, Wisconsin, New Jersey, Maryland, Rhode Island, Connecticut, California, Kansas and Iowa.

This defendant never caused this defect in the sidewalk, never adopted it, used it, continued it, or maintained it.    It did not remove it, it is true, but it owed no duty to the city or its citizens to remove it.    It was neither the active, primary or remote cause of its being there, and it did not keep it there for its own use or benefit or at all.    It simply left it where it found it, and let it remain in no more dangerous condition than it was when it found it.

It follows that the defendant is not liable for the plaintiff's injuries, and the trial court should have so peremptorily charged the jury.    The judgment of the circuit court is therefore reversed.    All concur.