BAY STATE DREDGING AND CONTRACTING COMPANY vs.
W. H. ELLIS AND SON COMPANY & others.

Suffolk.  January 19, 1920. — March 17, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Mechanic's Lien.  Public Work.*

A staging and falls, used in the work of painting and plastering a public pier and steel shed but not made a part thereof, are not labor performed or furnished or material used in "the construction or repair of public buildings or other public works" within the intendment of R. L. c. 6, § 77.

A premium upon a policy of insurance against liability, issued to a contractor constructing a public building or work, is not labor or material used in "the construction or repair of public buildings or other public works" within the intendment of R. L. c. 6, § 77.

A contractor engaged in the construction of a pier and steel shed for the city of New Bedford under a contract with the Harbor and Land Commissioners furnished a bond with surety in conformity with R. L. c. 6, § 77, as security for the payment of labor performed or furnished and material used in such construction.  The work included a driveway on the pier and through the building, but the contractor was released from the construction of the driveway and it was completed by another contractor under a separate contract. The work, excepting the driveway, was completed on a September 4.  The driveway was completed in October.  In a suit brought by creditors to recover under R. L. c. 6, § 77, for labor performed or furnished and materials used in the construction of the work, it appeared in evidence that certain creditors had filed their claims previous to the September 4, and certain other creditors had filed their claims more than sixty days subsequent to that date but within sixty days after the completion of the driveway.  The surety contended that any proof of claims filed previous to September 4 or subsequent to sixty days thereafter was not in compliance with the statute.  *Held,* that the work referred to in the statute embraced the entire work contracted for when the security was given, whether completed by the original contractor or by another, and that claims filed at any time previous to sixty days after the completion of the driveway were seasonably filed.

BILL IN EQUITY, filed in the Superior Court on March 15, 1917, and later amended by a creditor of W. H. Ellis and Son Company in behalf of itself and all other creditors who might be permitted to join as parties plaintiff under R. L. c. 6, § 77, to recover for labor performed or furnished and for materials used in the construction of a pier and steel shed in the city of New Bedford under a contract between the Commonwealth of Massa-

chusetts acting by the Board of Harbor and Land Commissioners and W. H. Ellis and Son Company.

Petitions to intervene were filed by Charles S. Ashley and Sons Company, Joseph P. O'Connell, and William C. Briggs and Charles E. Beckman, copartners doing business under the firm name of Briggs and Beckman, the Central Lumber and Supply Company, the Coburn Trolley Track Manufacturing Company, Joseph Langlois, the Trussed Concrete Steel Company and the Boston Sand and Gravel Company. Edmund Wood and George R. Wood, copartners as Green and Wood, the Sullivan Granite and Construction Company, and Flavien Cote filed separate petitions in substantially the same form as the petition of the Bay State Dredging Company, and these proceedings were by orders of the court consolidated with and merged into this proceeding.

The suit was referred to a master, who filed a report. A motion to recommit the report and exceptions to it, raising questions not material to this decision, were heard by *J. F. Brown,* J., by whose order an interlocutory decree was entered denying the motion, sustaining the exceptions in part, modifying the report accordingly, in matters not material to this decision, and confirming it as modified. Thereafter the suit at the request of the parties was reserved for determination by this court upon the pleadings, the master's report, the exceptions to the master's report and the interlocutory decree.

Material findings of the master are described in the opinion. The only questions argued in this court were whether certain plaintiffs seasonably filed proofs of claim, and whether the plaintiffs Joseph Langlois and Charles S. Ashley and Sons Company performed labor and furnished material of such a character as to permit them to recover in this proceeding.

R. L. c. 6, § 77, is as follows: "Officers or agents who contract in behalf of the Commonwealth for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security, the claimant shall file with such officers or agents, a sworn statement of his claim, within sixty days after the completion of the work."

*F. L. Norton,* for J. P. O'Connell.

*G. H. Brown,* for the Trussed Concrete Steel Company.

*D. J. Triggs,* for Edmund Wood and George R. Wood.

*J. E. McConnell,* (*E. P. Fitzgerald* with him,) for the National Surety Company.

PIERCE, J. This is a bill in equity brought by the plaintiff in behalf of itself and of all other creditors of the defendant W. H. Ellis and Son Company who may be permitted to join as parties plaintiff against W. H. Ellis and Son Company, the Commonwealth of Massachusetts and the National Surety Company, under R. L. c. 6, § 77, to recover for labor performed or furnished and for materials used in the construction or repair of a pier and steel shed in the city of New Bedford under a contract dated January 5, 1915, between the Commonwealth of Massachusetts, acting by its Board of Harbor and Land Commissioners, and W. H. Ellis and Son Company, and is before this court on a reservation from the Superior Court. No question is raised as to the validity of the contract.

On January 6, 1915, W. H. Ellis and Son Company, as principal, and the National Surety Company, as surety, in pursuance of the contract and of the statutes of the Commonwealth, executed and delivered to the Commonwealth of Massachusetts a bond conditional upon the payment by it for labor performed or furnished and for materials used in the construction or repair of said public work. Thereafter the Ellis company began work under said contract, and from time to time entered into subcontracts with the remaining intervening plaintiffs to furnish materials and perform labor of various kinds in connection therewith. While the work was progressing under the contract, on April 11, 1917, the Commonwealth of Massachusetts, acting by the Commission on Waterways and Public Lands, which commission had succeeded to the powers and duties of the Harbor and Land Commission, entered into a written modification of the original contract with the Ellis company, which modification released the Ellis company from its obligation under the contract to construct a driveway through the centre of the pier and through the shed, of vitrified paving brick, wood blocks or granite blocks.

When the contract was thus modified, the driveway had been filled with dirt, but had not been surfaced in any way. Regard-

ing the driveway the master found that the Commonwealth of Massachusetts always intended to have it constructed; that it was an important portion of the public work being constructed and was reasonably necessary to its efficient use; that the commission had not fully decided as to the method of construction when the contract was modified at the request of the Ellis company; that the commission then stated to the Ellis company that "they proposed to re-advertise for bids for the driveway;" that it was re-advertised in a manner "to change the original method [of construction] as provided in the original Ellis company contract, by laying a concrete surface over a portion of the driveway, viz., under the shed and across the end of the pier." This method was adopted and executed by another contractor under a new contract concerning this particular work. The work contracted to be done by the Ellis company under the contract of January 5, 1915, as modified by the agreement of April 11, 1917, was completed on September 4, 1917. The driveway under the new contract was constructed and completed some time in October, 1917, by the new contractor, in the method advertised after the release of the Ellis company from its contract in relation to its construction. After the entry of the petition the plaintiff and one intervenor settled their claims against the defendants, and the suit is prosecuted by the remaining intervenors.

At the hearing before the master there was evidence and the master found that the various plaintiffs filed with the Harbor and Land Commission or their successors, the Commission on Waterways and Public Lands, claims against the Ellis company in the proper form and in compliance with the statute, except as to the question whether some of them were seasonably filed; and the issues now presented are whether certain of the plaintiffs seasonably filed proofs of claim, and, as to certain of them, (Joseph Langlois and Charles S. Ashley and Sons Company,) whether the labor performed and materials furnished are of such a character as to permit them to recover in this proceeding.

The claim of Langlois is for the use of a staging and falls which were reasonably used by a subcontractor of the Ellis company in the necessary work of painting and plastering upon the pier and steel shed. They remained upon the premises after the completion of the work of painting and plastering, were damaged and ren-

dered unfit for use, and their whereabouts became unknown before the plaintiff or the subcontractor was notified to remove them. They were not incorporated in the building, and the mere use of an appliance, however necessary or useful it may be to the prosecution of a contract for "the construction or repair of public buildings or other public works," is not labor performed or furnished or material used in such construction or repair within the reasonable intendment of R. L. c. 6, § 77. The claim has no standing under R. L. c. 6, § 77. *Kennedy* v. *Commonwealth,* 182 Mass. 480. *Thomas* v. *Commonwealth,* 215 Mass. 369.

The claim of Charles S. Ashley and Sons Company is for a premium on an insurance liability policy issued to the Ellis company; it is not for labor or material performed or furnished, and is not within the statute. *Kennedy* v. *Commonwealth, supra. Sampson* v. *Commonwealth,* 202 Mass. 326. *Friedman* v. *County of Hampden,* 204 Mass. 494.

The remaining claims which are contested fall into one or the other of two classes: (1) those wherein the sworn statements of claims were filed before September 4, 1917, and (2) those wherein the sworn statements of claims were filed more than sixty days after September 4, 1917. The defendant National Surety Company contends that the statute is in derogation of common right, should be strictly construed, and that so construed the sworn statement of every claimant under the statute must be filed within the period of sixty days which begins September 4, 1917, and ends November 3, 1917. Assuming, without deciding, that the statute in question in analogy to the construction of mechanic lien statutes is to be construed strictly, as to which see *Gale* v. *Blaikie,* 129 Mass. 206, 209; *Whalen* v. *Collins,* 164 Mass. 146; *Angier* v. *Bay State Distilling Co.* 178 Mass. 163; *Pratt & Forest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314; *Nash* v. *Commonwealth,* 174 Mass. 335, 182 Mass. 12; *Burr* v. *Massachusetts School for Feeble-Minded,* 197 Mass. 357; *Friedman* v. *County of Hampden,* 204 Mass. 494; *E. I. Dupont De Nemours Powder Co.* v. *Culgin-Pace Contracting Co.* 206 Mass. 585; *Philadelphia* v. *Fidelity & Deposit Co. of Maryland,* 231 Penn. St. 208; Ann. Cas. 1912 B 1085 note, no one could be injured in the legal sense if a claim within the terms of the statute was filed with the designated officer or agent of the Commonwealth at any time within sixty

days after labor had been performed for or material had been furnished to the contractor. The contractor and his creditors could not be injured because the filing of the sworn statement before the completion of the work covered by the principal contract could have no legal effect to establish the debt, to create a lien or to accelerate the time at which the laborer or materialman would be entitled to obtain the benefit of the security which the statute requires the agents of the Commonwealth to obtain of the contractor. The effect of the filing of the statement before the completion of the work would permit of that statement becoming operative under the statute the moment when the work of the contractor was in fact completed, or when by abandonment, release or otherwise it was in legal contemplation completed; and would save the laborer and materialman the risk of a mistaken, premature or belated filing of claim. *Young* v. *The Orpheus*, 119 Mass. 179. *Reardon* v. *Cummings*, 197 Mass. 128. See *Atherton* v. *Corliss*, 101 Mass. 40.

The filing of the sworn statements was seasonable and within the statute. The work to be completed as a condition to the right to have the benefit of the security, upon the filing of a sworn statement within sixty days after the completion of the work, plainly refers to the public work embraced within the terms of the contract as it existed when the contractor or subcontractor was required to furnish sufficient security for the labor and material to be performed or furnished; and the right to have the benefit of that security enured to any laborer and materialman who should furnish labor or material which was used or employed in the construction or repair of the public work if he should file a sworn statement of his claim within sixty days after the completion of the work contemplated by the original contract, even if it be not completed by the original contractor.

The interlocutory decree confirming the master's report as modified is affirmed. The cause is remanded to the Superior Court to establish the debts of the several plaintiffs, and to establish the form of the decree in accordance with this opinion.

*Decree accordingly.*