EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellant, vs. FERD. H. GRAHL CONSTRUCTION COMPANY and another, Respondents.

*December 10, 1930—January 13, 1931.*

For the appellant the cause was submitted on the brief of *Brown, Pradt & Genrich* of Wausau.

For the respondents there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph E. Tierney.*

FRITZ, J.   In so far as material on this appeal, the allegations of the complaint are to the following effect:   The defendant Construction Company contracted with the state and Dane county to reconstruct a highway, and by its contract bound itself to "pay all claims for the performance of any work or labor or the furnishing of any materials when the same pertains to or is for or in or about or under this contract as required by sec. 289.16, Statutes of Wisconsin, and to pay and discharge all liabilities for injuries which have been incurred in said construction under the operation of ch. 102 of the Wisconsin Statutes and all acts amendatory thereto."   In relation to that contract, the Construction Company as principal, and the defendant Surety Company as surety, entered into their bond to the state of Wisconsin for the performance of all of the terms of that contract and the payment "to each and every person or party entitled thereto of all claims for work and labor performed or materials furnished for or in or about or under such contract as provided in sec. 289.16 of Wisconsin Statutes," and to pay and discharge "all liabilities for injuries which have been incurred in the said construction under the operation of ch. 102 of the Wisconsin Statutes and all acts amendatory thereto."

The Construction Company procured from the plaintiff compensation insurance against liability to employees engaged in such highway construction, and the plaintiff now sues for an unpaid portion of the premium. The construction work has been completed. The Surety Company demurred on the ground that the complaint does not state a cause of action against it.

The only question on this appeal is whether the Surety Company is liable to plaintiff for the unpaid premiums. Sec. 289.16 (1), Stats., requires all contracts for public work to have a provision for the payment by the contractor of all claims for work and labor performed and materials furnished, and requires every contractor to furnish a bond for the faithful performance of the contract, and payment to every person entitled thereto of "all claims for work or labor performed, and materials furnished for or in or about or under such contract." There is no provision in the statutes or in the bond which the Surety Company furnished that expressly requires the surety to pay premiums for compensation insurance procured by the Construction Company. True, the Construction Company's contract requires it to pay all liabilities for injuries incurred under the compensation act, and the surety's bond renders it responsible for the Construction Company's payment of its liabilities for such injuries, but neither contract nor bond subjects the surety to liability for premiums on compensation insurance.

Plaintiff relies on *Building Contractors' L. M. L. Ins. Co. v. Southern Surety Co.* 185 Wis. 83, 200 N. W. 770, but concedes that there the wording of the bond was somewhat different, and that the contractor's contract expressly required the contractor to maintain sufficient liability insurance to protect the owner against claims for injury. Likewise, in that case, the surety agreed to pay all legal claims for the protection of the owner and state against all liabil-

ity, injury, accident, etc., in and about the completion of the contract, and guaranteed that the contractor would perform his contract and "satisfy all claims and demands incurred for the same." Those provisions in the contract and bond involved in that case materially differentiate that case from the case at bar, in which, on the one hand, the Construction Company's contract with the state does not require it to carry such insurance, and, on the other hand, the surety only guaranteed the performance of such obligations as the Construction Company's contract required it to perform.

Plaintiff also contends that the provision in the bond in suit that the surety is responsible for the Construction Company's payment of all of its "liabilities for injuries which have been incurred in the said construction under the operation of ch. 102 of the Wisconsin Statutes," is sufficiently broad to cover premiums for compensation insurance in that, since the statute requires the employer to carry such insurance, liability for the premiums is one of the liabilities which attaches to him under the compensation law, just as much so as liability to pay compensation for an injury. Manifestly, plaintiff's demand for unpaid premiums is not a "liability for injuries which have been incurred in the said construction." The plaintiff has no demand for compensation resulting from injuries arising under the said construction. Its demand is solely for a premium agreed to be paid by the Construction Company to obtain a policy to protect it from liabilities for injuries. Although it is true that the Construction Company was required by the law to carry compensation insurance, and if it did not do so the owner would be liable for compensation for injuries, those requirements do not subject the surety in this case to liability for the insurance premiums. The liability of the surety rests upon the terms of its bond. It was bound by its bond to see to it that the contractor paid and discharged all liabilities for injuries incurred under the compensation act, but it

did not bind itself to see to it that the contractor paid premiums for compensation insurance.

The case comes within the ruling in *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 218, 201 N. W. 980, 204 N. W. 476, and the demurrer was rightly sustained.

*By the Court.*—Order affirmed.