## EMPLOYERS' LIABILITY ASSUR. CORP. Ltd., v. CANNON et al.

No. 25232.  Sept. 17, 1935.

Thurman, Bowman & Thurman, for plaintiff in error.

Sigler & Jackson and Laurence E. Beattie, for defendant in error.

Jarman & Brown, Clyde J. Watts, Owen & Lindsey, Short & Pierson, Miley, Hoffman, Williams, France & Johnson, Harry D. Turner, Pierce, Follens & Rucker, and M. M. Thomas, amici curiae.

BUSBY, J. During a portion of the years 1929 and 1930, Whitson & Kirby, a partnership, was engaged in the construction of roads and bridges for the state of Oklahoma under contracts with the state. During that time and in connection with the work being performed under the contracts, Whitson & Kirby procured workmen's compensation insurance through Cannon & Hunter, a partnership engaged in the insurance business. A portion of the premiums due on the insurance was not paid.

On August 14, 1930, Cannon & Hunter commenced this action in the district court of Carter county to recover the unpaid insurance premiums from Whitson & Kirby and from the Employers' Liability Assurance Corporation, Limited, of London England, a corporation, which had executed statutory bonds required by section 10983, O. S. 1931, as surety for Whitson & Kirby.

The plaintiff obtained judgment in the trial court for $1,342.12, plus attorney's fee of $250. The Employers' Liability Assurance Corporation brings the case to this court on appeal, appearing herein as plaintiff in error.

The sufficiency of the showing made by Cannon & Hunter to justify the maintenance of this action to recover insurance premiums in their own name as insurance agents is not presented in this appeal.

The plaintiff in error urges that "the surety on a 'statutory bond' (required by section 10983, supra) is not liable for the payment of premiums accruing to an insurance company issuing a workmen's compensation and employers' liability policy to the contractor."

The liability of the surety, if any, in this case arises from its contract. The bonds executed by the surety each contained the following pertinent provision stating the obligations assumed:

"Now, if the said principal shall well and truly pay all indebtedness incurred for all labor and material furnished in the construction of the above-described project, mentioned and agreed upon in said contract,

"Then, and in the event this obligation shall be null and void, otherwise, to remain in full force and effect."

Section 10983, supra, pursuant to which the bonds herein involved were given, requires that they be "conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making of said public improvements", and section 10984, O. S. 1931, authorizes "any person to whom there

is due any sum **for labor or material furnished"** to "bring an action on said bond for the recovery of said indebtedness."

Thus from an examination of the terms of the bonds and the statutes requiring the execution thereof. the only obligation expressly assumed by the surety was the payment of "indebtedness incurred for labor or material furnished."

Is an amount due for insurance premiums on workmen's compensation insurance an "indebtedness incurred for labor or material furnished?" The parties to this litigation agree that question is one of first impression in this jurisdiction. Similar questions, however, have been before the Massachusetts, Indiana, Wisconsin, and Nebraska courts. In the case of Bay State Dredging & Construction Company v. W. H. Ellis & Sons Co. et al., 235 Mass. 263, 126 N. E. 468, it was held:

"The claim of Chas. S. Ashley & Sons Company is for a premium on an insurance liability policy issued to the Ellis Company; it is not for labor or material performed or furnished, and is not within the statute."

In the case of Southern Surety Co. v. State ex rel. Travelers' Ins. Co. (Ind. App.) 165 N. E. 444, workmen's compensation insurance premiums were held not to be a proper charge against the surety on a contractor's bond which was conditioned for the payment of **"all debts contracted by said principal in the prosecution of said work including labor and material furnished."**

It will be noticed that by the terms of the bond the obligations of the surety were broader and more inclusive than the terms contained in the bonds now before us.

In Southern Surety Co. v. Metropolitan Sewerage Commission et al., 187 Wis. 206, 201 N. W. 980, it was said. referring to the contractor's indebtedness for workmen's compensation insurance premiums:

"We think that this item is not one for work, labor or material."

However. in the case of Crowell L. & Grain Co. v. Ryan Co. (Neb.) 193 N. W. 609, premiums on workmen's compensation insurance were held to be a lienable item. Since the liability in that case was determined directly upon the basis of the lien law of Nebraska and the provisions of a contract between the property owner and the contractor, and did not depend upon the terms of a bond as in the case at bar, the case is not in point in this litigation.

The conclusion of the Massachusetts, In-

diana, and Wisconsin courts that compensation insurance premiums are not indebtednesses for either labor or material is sound, and we adopt the view of those courts upon that question.

The defendant in error, Cannon & Hunter. asserts in substance that even though the insurance premiums should not be considered as indebtedness for labor, they should be treated as a liability of the surety on the statutory bonds by reason of the provisions of section 13373, O. S. 1931, a portion of the Workmen's Compensation Act, which reads:

"The right of compensation granted by this act, and any claim for unpaid compensation insurance premium, shall have the same preference or lien, without limit of amount **against the assets of the employer** as is now or hereafter may be allowed by law for a claim for unpaid wages for labor."

It is urged that under this section a claim for compensation insurance premium has the same status as an indebtedness for labor. To a certain extent and as far as the statute goes, this is true, but the statute is not broad enough to accomplish the purpose of the defendant in error. It does not purport to make the class of indebtedness therein mentioned a claim against the surety on a statutory bond, nor does it pretend to classify such a claim as a labor claim for all purposes. It merely makes the insurance premium a claim or lien against the **"assets of the employer"** to the same extent as a "claim for unpaid wages or labor." The obligation of the surety is not an asset of the employer in this case. It does not represent property or money which is due the employer or could under any circumstances be collected or recovered by it, its successors or assigns.

A surety for hire cannot invoke the rule of strictissimi juris by reason of section 10613, O. S. 1931 (Southwestern Surety Ins. Co. v. Board of Com'rs of Coal Co., 77 Okla. 137, 187 P. 467), and in case of doubt in the meaning of the terms of his contract will be construed most strongly in favor of the obligee. Fuqua et al. v. Tulsa Masonic Bldg. Ass'n, 129 Okla. 106, 263 P. 660. However, these liberal rules of construction do not authorize a court to enlarge a contract beyond its terms by imposing on a surety a class of liability which cannot be fairly said to have been assumed by him under a liberal interpretation of the provisions of the contract. United States F. & G. Co. et al. v. Gray, 106 Okla. 222, 233 P. 731. Thus in this case we have before us a surety whose liability is expressly limited by the terms of the statutory bond and the statute pur-

suant to which it was given to the payment of "indebtedness for labor and material furnished." We cannot enlarge that liability to include a class of indebtedness which cannot be properly classified as being for labor or material either in accord with the ordinary meaning of the English language or under the particular provisions of any existing statute.

It is urged that, since no mechanic's lien can attach to public property, and since the bond in question is required by statute to give protection and is in lieu of a lien which could be perfected against private property, the liability on the bond should be determined in accord with the provisions of the mechanic's and materialman's lien statutes. It is true that there is a relationship between the bond and statutory liens in that one is required where the other cannot be obtained, and both are designed in a large measure to protect the same class of persons. But each may have limitations which are not applicable to the other, and in some respects they are essentially different.

The mere fact that the bond is required as protection instead of a lien does not make the obligations identical, since the liability created is to be determined primarily by the terms of the respective governing statutes, neither of which refers to the other. The farmer who hooks his tractor to his plow in lieu of his team does not thereby change the tractor into a horse, or make it walk on legs; neither is the power of the tractor to pull the load determined by the ability of the team. We cannot say in this case that, because the bond is designated as a substitute for a lien, the liability is necessarily the same as that created by the lien law.

The liability of the surety in this case arises from the terms of the bonds and statute requiring the same. It cannot be extended beyond the limits of a fair and liberal interpretation thereof.

Our attention has been called to the Oklahoma cases of Donaldson & Yahn v. Benight et al., 105 Okla. 108, 232 P. 116, Hyde Const. Co. et al. v. Frickenschmidt, 140 Okla. 290, 284 P. 34, and Amerman et al. v. State, etc., 111 Okla. 174, 239 P. 146, and other cases of similar import. We find nothing in those cases in conflict with the views herein expressed.

The judgment against the contractor is final and unappealed from. The judgment against the surety is reversed, with direc-

tions to enter judgment for the defendant, plaintiff in error herein.

McNEILL, C. J., and BUSBY, PHELPS, GIBSON, and CORN, JJ., concur. RILEY, J., dissents.