104 P.2d 906

ANDERSON et al. v. UNITED STATES FI-
DELITY & GUARANTY CO.

No. 4558.

Supreme Court of New Mexico.

Aug. 5, 1940.

Owen B. Marron, of Albuquerque, for appellants.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellee.

MABRY, Justice.

Appellants sought judgment for $1,847.-25 in the District Court against one Joseph Gagner, and appellee, as principal and surety, respectively, on a bond executed by them guaranteeing faithful performance by Gagner of his contract with the Board of Education of the City of Albuquerque, in which he agreed to build a certain public school building. Appellants alleged that they jointly extended credit to Gagner for the premiums on workmen's compensation and public liability insurance, both of which were required under his contract with the Board of Education.

Appellee demurred, was sustained, and upon refusal of appellants to plead further, the complaint was dismissed as to it. This appeal is from the order sustaining the demurrer and dismissing the complaint.

The question to be determined is whether premiums of workmen's compensation and public liability insurance are recoverable on the contractor's faithful performance bond. Appellants first contend that the use of the word "maintain" in the contract between Gagner and the Board of Education renders the surety liable. It is their position that to "maintain" insurance means to bear the expense thereof, and that consequently, execution of the faithful performance bond included a guaranty of payment of all insurance premiums. It is true that the word has been held to mean, "bear the expense of; to support; to keep up". Alexander v. Parker, 144 Ill. 355, 33 N.E. 183, 184, 19 L.R.A. 187; Lucas v. St. Louis & S. Ry., 174 Mo. 270, 73 S.W. 589, 61 L.R.A. 452; Merrill v. Spencer, 14 Utah 273, 46 P. 1096; Bice v. Foshee, 19 Ala.App. 421, 97 So. 764. Appellee insists, however, and we

think with better reason, that the word "maintain", also, and primarily, means "to hold by the hand; to hold and keep in any particular state or condition, especially in a state of efficiency or validity." In Kansas City Structural Steel Co. v. Utilities Building Corporation, 339 Mo. 68, 95 S.W.2d 1176, 106 A.L.R. 244, the court decided the word "maintain" in a similar contract meant to keep in force. In Lucas v. St. Louis & S. Ry. Co., supra [174 Mo. 270, 73 S.W. 591, 61 L.R.A. 452], cited in appellant's brief, we note that the Missouri court quoted from Webster's International Dictionary in which "maintain" is defined to mean: "(1) To hold or keep in any particular state or condition; to support; to sustain; to uphold; to keep up; not to suffer to fail or decline. (2) To keep possession of; to hold and defend; not to surrender or relinquish. (3) To continue; not to suffer to cease or fail. (4) To bear the expense of; to support; to keep up; to supply with what is needed." Construing the word in connection with the whole of the contract, as we must, we cannot say that it means "to pay for" and must therefore discard this theory of recovery.

■ Appellants also place reliance on the word "supplies" used in the statute (New Mexico Statutes Annotated, 1929 Compilation, Section 17-201) and in the bond, conceding that insurance premiums are not embraced by the words "labor and materials." Ample authority exists for this concession. Warner Co. v. Schoonover, 20 Del. Ch. 165, 174 A. 449; Employers' Liability Assurance Corp. v. Cannon, 173 Okl. 493, 49 P.2d 103, 102 A.L.R. 131; Bay State Dredging, etc., Co. v. W. H. Ellis & Son Co., 235 Mass. 263, 126 N.E. 468; Southern Surety Co. v. Metropolitan Sewerage Commission, 187 Wis. 206, 201 N. W. 980, 204 N.W. 476; State ex rel. v. Padgett, 54 N.D. 211, 209 N.W. 388, Employers' Mut. Liability Ins. Co. v. Grahl Const. Co., 203 Wis. 315, 234 N.W. 326.

Appellants' position rests primarily on two cases, Merchants Mutual Casualty Co. v. United States Fidelity & Guaranty Company, 253 App.Div. 151, 2 N.Y.S.2d 370, and McFarland v. Rogers, 134 Me. 228, 184 A. 391, both of which hold insurance premiums covered by the faithful performance bond, but both of which are distinguishable. The bond in the former case provided [253 App.Div. 151, 2 N.Y.S.2d 372], inter alia: "* * * Shall well and truly pay all lawful claims of subcontractors, materialmen or other third persons arising out of or in connection with said contract."

The bond in the latter case read in part, as follows: "* * * if the Principal designated as the Contractor * * * shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same and shall pay all bills for labor, equipment, and all material except pipe, and for all other things contracted for or used by him in connection with the work contemplated by said contract * *."

In the latter case, the court relied for its holding upon the broad language, "Faith-

.fully perform the contract on his part, and satisfy all claims and demands incurred for the same". It is clear that the bond under consideration is not nearly so broad as either of the two quoted above. It provides, in part: "Now Therefore, if said principal shall faithfully perform and comply with all requirements of law, and shall pay, as they become due all just claims for labor performed and materials and supplies furnished upon or for the work under said contract."

We feel that the language of this bond is such that the coverage must be found in the word "supplies", if at all, and that neither of appellants' cases are therefore decisive, if indeed, they may be very persuasive.

Insurance policies have been held not to be articles of commerce or merchandise and hence not included in the word "supplies". New Amsterdam Casualty Co. v. Detroit Fidelity & Surety Co., 187 Ark. 97, 58 S. W.2d 418; Miller Insurance Agency v. Porter, 93 Mont. 567, 20 P.2d 643.

Appellee carefully traces the history of faithful performance bonds, and shows that the word "supplies" was introduced to cover those cases in which articles were entirely consumed in the performance of the contract and hence would not come within the word "materials." Courts in various jurisdictions have consistently held that the word "supplies" includes only those articles which by their very nature are necessarily consumed in the performance of the contract. United States Rubber Co. v. Wash-ington Engineering Co., 86 Wash. 180, 149 P. 706, L.R.A.1915F, 951; Western Clinic & Hospital Ass'n v. Gabriel Const. Co., 168 Wash. 411, 12 P.2d 417; Bricker v. Rollins & Jarecki, 178 Cal. 347, 173 P. 592; Peoples' Nat. Bank v. Southern Surety Co., 105 Cal.App. 731, 288 P. 827; Century Indemnity Co. v. Shunk Mfg. Co., 253 Ky. 50, 68 S.W.2d 772.

Appellee also argues, and we think persuasively, that the parties to the faithful performance bond understood the word "supplies" to be limited to that category of articles used, absorbed or consumed in the performance of the contract. This, it says, and we agree, is shown by the provision in the final paragraph of the bond, where the liability is more fully set out, as follows: "Provided Further, that if the Contractor, or his, their or its' subcontractor or subcontractors fail to duly pay for any labor, materials, team-hire, sustenance, provisions, provendor or any other supplies or materials used or consumed by such contractor or his, their or its' subcontractors in performance of the work contracted to be done, they surely will pay the same in any amount not exceeding the sum specified in the bond, together with interest as provided by law."

For the foregoing reasons the judgment of the district court is affirmed, and, it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.