

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 23, 1958

Honorable Lynn Brown, Administrator
Texas State Board of Plumbing Examiners
904 Lavaca
Austin, Texas

Opinion No. WW-517

Re: The effect to be accorded the
exemption in the Plumbing
License Law of 1947, S. B. 188,
Acts 50th Legislature, relative
to plumbing work done by anyone
who is regularly employed as or
acting as a maintenance man or

Dear Mr. Brown:                    maintenance engineer.

Your recent request for an opinion on the above cap-
tioned subject reads substantially as follows:

An independent school district in
this State is presently engaged in construct-
ing a new twenty room junior high school build-
ing. The district regularly employs a man as
its Superintendent of Buildings and Grounds
and it also has other regular employees, all
being paid fixed salaries by the school dis-
trict.

The school district has not employed
a general contractor in this construction pro-
gram but rather the Superintendent of Buildings
and Grounds is doing the work usually done by a
general contractor and other regular employees
of the district are also doing construction work.

The Superintendent of Buildings and
Grounds supervises and gives instructions regard-
ing the plumbing work on the new building as he
deems necessary. In particular, he sees that
the plumbing installation is done in accordance
with the specifications and the applicable

plumbing regulations.  He interprets the blueprints and mechanical plans and actually "lays out" or points out the location of the various fixtures and the location and type of fittings and sizes of soil and vent pipes needed to complete the system.  He may also be required to use his own judgment in resolving practical problems not foreseen in the original plans and specifications.  All of these activities are performed in his supervisory capacity over the "head plumber" and for these duties he receives no extra compensation.

The person in charge of the actual physical plumbing work is a man designated as "head plumber", hired by the district for this particular construction job, and who had, previous to this job been employed by a master plumber and followed the plumbing trade as a means of livelihood.  This so-called "head plumber" performs the actual manual installation of the plumbing in accordance with blueprints and mechanical plans.  This includes cutting, threading, caulking and/or sweating pipe to form assemblies or installations in accordance with the blueprints and plans, and the installation of fixtures.  When necessary, he works with the Superintendent in "laying out" portions of the job.

Under this so-called "head plumber" two full time laborers of the school district do actual plumbing work together with the "head plumber".  These laborers or "helpers" assist the "head plumber" in the actual manual installation of plumbing by supplying materials such as pipe, fittings, tools, etc.; by holding or steadying pipe; by digging ditches; and by performing numerous other similar functions in connection with the installation as directed by the "head plumber".  They receive no compensation for this work other than their normal salaries as employees of the district.

None of these employees has a plumber's license of any kind issued by the Texas State Board of Plumbing Examiners under the Plumbing License Law of 1947.

Esentially, you have asked the following specific question:

Whether any or all of these persons under such circumstances are exempt from the licensing requirement of the Plumbing License Law of 1947.

The "Plumbing License Law of 1947", which is Senate Bill 188, Acts of the 50th Legislature, Regular Session, 1947, Chapter 115, Page 192, codified as Article 6243-101 of Vernon's Civil Statutes, forbids plumbing work by those who do not hold State licenses with certain exceptions:

Section 2(a) of the "Plumbing License Law of 1947" defines plumbing as follows:

"The word or term 'plumbing' as used in this act means and shall include: (1) all piping, fixtures, appurtenances and appliances for a supply of water or gas, or both, for all personal or domestic purposes in and about buildings where a person or persons live, work or assemble; all piping, fixtures, appurtenances and appliances outside a building connecting the building with the source of water or gas supply, or both on the premises, or the main in the street, alley or at the curb; all piping, fixtures, appurtenances, appliances, drain or waste pipes carrying waste water or sewage from or within a building to the sewer service lateral at the curb or in the street or alley or other disposal terminal holding private or domestic sewage: (2) the installation, repair or maintenance of all piping, fixtures, appurtenances and appliances in and about buildings where a person or persons live, work or assemble, for a supply of gas, water, or both, or disposal of waste water or sewage."

Section 14 of the Act provides as follows:

> "After the expiration of one hundred
> twenty days from the effective date of this Act,
> no person, whether as a master plumber, employing
> plumber, journeyman plumber, or otherwise, shall
> engage in, work at, or conduct the business of
> plumbing in this state or serve as a plumbing in-
> spector as herein defined, except as herein specifi-
> cally exempted from the provisions of this Act, un-
> less such person is the holder of a valid license
> as provided for by this Act; and after the expira-
> tion of one hundred twenty days from the effective
> date of this Act it shall be unlawful for any per-
> son to engage in, work at, or conduct the business
> of plumbing in this state or serve as a plumbing
> inspector as herein defined, except as herein
> specifically exempted from the provisions of this
> Act . . . and provided for hereby; and it shall be
> unlawful for any person, firm, or corporation to
> engage in or work at the business of installing
> plumbing and doing plumbing work except as specifi-
> cally herein provided unless such installation of
> plumbing or plumbing work be under the supervision
> and control of a plumber licensed under this Act.
> And it is expressly provided that the provisions of
> Article 122 of the Penal Code of Texas shall apply
> to violations of this Act, and said Article 122 of
> the Penal Code and the penalties therein provided
> are hereby expressly referred to."

The Plumbers Act of 1947 then is a prohibition against
any person, firm, or corporation engaging in, working at, or
conducting the business of plumbing (as defined in the Act) with-
out a license unless specifically provided for or specifically
exempted.

Reference is made by your request to Section 3(c) of
the Article.  In this section is found the only exception to
the requirement that one engaged in the plumbing business must
have a license which might apply in the instant case.  The
applicable part reads as follows:

> "Plumbing work done by anyone who is
> regularly employed as or acting as a maintenance
> man or maintenance engineer, incidental to and
> in connection with the business in which he is
> employed or engaged, and who does not engage in
> the occupation of a plumber for the general pub-
> lic; . . ."

The statute is given to two meanings and is ambiguous.
In discussing the dissolution of ambiguities and uncertainties
in legislation, the Court said in Hidalgo County Drainage Dis-

trict No. 1 v. Davidson, 102 Tex. 539, 543, 120 S.W. 849, 851, (1909):

"... In determining the sense in
which the language was used by the Legisla-
ture, we look to the context and to the pur-
pose of the Legislature in enacting the law."

In Longoria v. State, 126 Tex. Crim. 362, 363, 71 S.W.
2d 268, 269 (1934), the following language is found:

"We further observe that in accordance
with settled rules of interpretation of statutes,
even when the language used is susceptible of two
meanings, the courts are to give it that meaning
which will conform to the scope of the act and
carry out the purpose of the statute. ..."

In passing Senate Bill 188, the Legislature, in our
opinion, did not intend to exempt either the Superintendent of
Buildings and Grounds nor the "head plumber", as described in
your opinion request, from the licensing requirements of the
Act.  For either of the persons to be exempted under the pro-
visions of Section 3(c), they must show that they are regularly
employed as maintenance men and that the work being done is in-
cidental to and in connection with the business in which they
are employed and further they cannot be engaged in the occupa-
tion of plumber for the general public.

The word "maintain" ordinarily means to preserve some-
thing which is already in existence, and there must be something
in existence before it can be maintained.  In this sense the
term does not include the concept of erecting or building some-
thing which is not already in existence.  It has also been de-
fined as to hold or keep in any particular state or condition;
to support; to sustain; to uphold; to keep up; not to suffer
to fail or decline.  Pacific Tank and Pipe Co. v. Pacific Box
Corp., 64 P. 2d 773; Anderson v. United States Fidelity & Guar-
anty Co., 104 P. 2d 906, 907, 44 N.M. 483; 129 A.L.R. 1084.
Also see Perkins v. Becker, 157 S.W.2d 550, 552; Verdin v. St.
Louis, 27 S.W. 447, 451.

In Madley v. Trustees of Conroe Independent School
District, 130 S.W.2d 929, 933 (Tex.Civ.App. 1939), the Court
distinguished "building" from "Maintenance" as follows:

" . . . the local tax levied and collected by the trustees of an independent school district for maintenance of the schools can be used only for the purposes of maintenance, to the extent needed for that purpose, . . . the term 'maintenance' of schools does not include the cost of the construction of school houses."

The character of work being done by both the Building and Grounds Superintendent and the "head plumber" cannot be said to come within the meaning of the word maintenance as used in the Act. The plumbing being done by these men consists of the installation of a complete plumbing system in a new building. This obviously is not maintenance work. The "head plumber" was hired by the school system specifically for this new construction job and had not been previously employed by the district in their maintenance department. Nor is there any evidence to show that he had ever done any maintenance work for the school district.

In the opinion of this office, reliance upon the requirement that the plumbing work being done by the individuals in the present case is incidental to and in connection with the business in which they are employed or engaged is not sufficient to exempt them from the licensing requirements of the Act.

The word "incidental" has reference to something which is subordinate to and dependent upon the existence of another and principal thing. It has been said to be dependent upon something else as primary and something incidental to the main purpose. Biggart v. Lewis, 192 Pac. 437, 440; The Robin Goodfellow, et al, 20 F. 2d 924, 925; Kelly v. Hill, 230 P. 2d 864, 867, 104 Cal. App. 2d 61.

It would be impossible to say that the work involved in the construction of a brand new multi-classroom unit school building, costing many thousands of dollars, is incidental to the work of maintaining those structures already in existence in the school district. Nor can the "head plumber", who has been employed specifically to install the new plumbing system in the building, be exempted merely because the school district chooses to give him the title "maintenance man".

The courts, in writing concerning exceptions and their application, will generally construe the exception according to its fair and proper meaning. If the Act contains one or more exceptions that is evidence that the Legislature did not intend to provide any other exceptions, thus the Act should apply in

all cases not excepted.  It is not ordinarily permissible to imply or to enlarge upon an exception to include cases not within its terms.  Nor may a Court engraft an exception upon a statute by implication merely because there seems to be a good reason for doing so.  Snoddy v. Cage, 5 Tex. 106; Missouri, Kansas and Texas Railway Company of Texas v. Thomason, 280 S.W. 325; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56, also 53 S.W.2d 1119; City of San Antonio v. Spears, Civ. App. 206 S.W. 703, affirmed 110 Tex. 618; 223 S.W. 166; Nail v. McCue, 55 S.W.2d 211; Holmes v. Coalson, 154 S.W. 661; Roberts v. Yarboro & Wimberly, 41 Tex. 449; Bradley v. Gilliam, 260 S.W. 289.

The very nature of plumbing work demands a degree of expertness and competence.  The health and safety factors involved in the plumbing business are many and complex and it is reasonable to believe that the Legislature never intended for the exceptions provided to be enlarged upon.  Trewitt v. City of Dallas, Civ.App. 242 S. W. 1073.  In that case the Court described the nature of plumbing and its importance as follows:

> "It is universally regarded as essential that all plumbing work should be planned and installed with a degree of skill which will insure and safeguard lives and health of people from dangers well known to flow from improper plumbing.  This being true, the calling of a plumber bears a close relation to and does concern the public health.  It is accordingly a business which is the proper subject of police regulation."

In view of the foregoing it is the opinion of this office that the Superintendent of Buildings and Grounds and the "head plumber", as they are described in your request, are not exempt from the licensing requirements of the Plumbing License Law of 1947 by Section 3(c).  To hold otherwise would be to impose upon the statute an exemption not provided by the Legislature.  The statute is not applicable to the laborers or "helpers" while performing their duties as you have set out.

All prior opinions by this office, which are in conflict with this opinion, are hereby overruled to the extent of that conflict.

S U M M A R Y

When doing plumbing work consisting
of the installation of a complete
plumbing system in a new building,
the Superintendent of Buildings and
Grounds and the "head plumber" are
not exempt from the licensing require-
ments of the Plumbers License Law of
1947 by Section 3(c) of the Act relative
to plumbing work done by anyone who is
regularly employed as or acting as a
maintenance man or maintenance engineer.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Byron Fullerton*

Byron Fullerton
Assistant

BF:bb:zt

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. Milton Richardson

John Reeves

Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert