462 P.2d 608

EMPLOYMENT SECURITY COMMISSION
of the State of New Mexico, and State
Highway Commission of the State of New
Mexico, Plaintiffs-Appellees,

v.

C. R. DAVIS CONTRACTING CO., Inc., and
Peerless Insurance Company, De-
fendants-Appellants.

No. 8838.

Supreme Court of New Mexico.

Dec. 22, 1969.

Rodey, Dickason, Sloan, Akin & Robb, Bruce D. Hall, Albuquerque, for appellants.

James A. Maloney, Atty. Gen., Joseph L. Droege, Sp. Asst. Atty. Gen., Santa Fe, Sutin, Thayer & Browne, Albuquerque, for appellees.

PER CURIAM.

Upon consideration of the motions for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor.

OPINION

TACKETT, Justice.

This action was commenced in the District Court of Santa Fe County, New Mexico, to collect unpaid unemployment compensation contributions and obtain a declaratory adjudication of rights in the balances due under certain highway construction

contracts. Defendant Peerless Insurance Company, surety on the contracts, counterclaimed for a declaratory adjudication of its superior right to the balances due. The case was tried to the court, without a jury, upon a stipulated set of facts. Judgment was entered for plaintiffs on all issues. Defendant Peerless Insurance Company appeals. Defendant C. R. Davis Contracting Co., Inc., failed to plead or defend.

The complaint was filed jointly by the Employment Security Commission and State Highway Commission of New Mexico, against C. R. Davis Contracting Co., Inc., and Peerless Insurance Company. The parties will be designated in this opinion as "Security," "Highway," "Davis" and "Peerless."

Davis had entered into four construction contracts with Highway. Peerless acted as surety on the contracts executed for the projects. Davis defaulted in the performance of the contracts, two of which were completed by Hastings, who was employed by Peerless. Peerless paid off the outstanding claims in the other two contracts. At the time the complaint was filed, Highway retained in its possession certain contract balances due on the completed projects. Davis was indebted to Security for unpaid unemployment compensation contributions. The complaint alleged Peerless' liability for the unpaid contributions on the basis of New Mexico's "Little Miller Act" (§ 6–6–11, N.M.S.A., 1953 Comp.), the highway contracts and contract bonds. Both Security and Highway prayed for a declaratory adjudication of their right to set-off the unpaid unemployment compensation contributions against the retained contract balances.

Peerless answered and counterclaimed for a declaratory adjudication of its superior right to the retained funds. The alleged superiority was based upon assignments, agreements and expenditures. Security and Highway replied to the counterclaim and denied the superiority of Peerless' claim. Counsel for the respective parties entered into a stipulation of the facts upon which the district court was authorized to decide the issues raised by the pleadings. The parties' stipulation of facts was adopted by the trial court as its findings of fact. The findings are not challenged on this appeal.

Appellant Peerless claims error by reason of the trial court's adoption of certain conclusions of law and rejection of requested conclusions.

The trial court concluded that Security was entitled to judgment on the contract bonds against Peerless for the unpaid unemployment compensation contributions. The trial court also concluded that Highway could enforce payment of the contributions as part of the performance required under the highway contracts. The trial court further concluded that Security and Highway had a right to set-off the unpaid unemployment compensation contributions, interest and penalties against the retained contract balances, and that Security's and Highway's right of set-off was superior to any rights of Peerless to the retained funds existing by reason of certain assignments, agreements and expenditures.

Appellant Peerless relies on point I, among others, for a reversal:

"I. THE COURT'S AWARD OF JUDGMENT ON THE CONTRACT BONDS WAS ERRONEOUS."

The liability of Peerless depends upon an interpretation of the statute, contract and bond. The bond covers a contractor who has contracted to do a public work—highway construction. Section 6–6–11, supra, provides:

" * * * the contractor shall * * * furnish a bond * * * conditioned for the performance and completion of such contract according to its terms, compliance with all requirements of law, and the payments as they become due of all just claims for labor performed, and materials and supplies furnished, upon or for the work under said contract, * * *."

The Peerless bond contained the usual standard provisions and, in addition, there

were incorporated special specifications, one of which was § 7.1.1 which provides:

"The Contractor shall keep himself fully informed of all Federal and State laws and regulations, * * * which in any manner affect those engaged or employed on the work, or which in any way affect the conduct of the work. He shall at all times observe and comply with all such laws, * * * and, without claiming immunity, shall protect and indemnify the State and its representatives against any claim or liability arising from or based on the violation of any such law, * * *."

Section 7.2.1 of the special specifications provides:

"The Contractor shall procure all permits and licenses, pay all charges, royalties, fees, and *taxes*, * * *." (Emphasis added.)

Can it be said that the unemployment compensation contribution is not a tax; that such tax was not an obligation of Davis; and that it was not covered by the bond? We think not.

Section 59–9–2, N.M.S.A., 1953 Comp. (1960 Repl.), of the unemployment compensation law, has a declared public policy for the economic stability of the state, to set aside unemployment reserves for the benefit of persons unemployed through no fault of their own. This is for the public good and the general welfare of the state.

Section 59–9–7, N.M.S.A., 1953 Comp. (1960 Repl.), provides for contributions by employers to the state unemployment compensation fund. This is remedial legislation that calls for a liberal construction to the end that humanitarian purposes may be given effect. Graham v. Miera, 59 N.M. 379, 285 P.2d 493 (1955).

The unemployment compensation law does "affect those engaged or employed on the work," as set out in § 7.1.1, supra. Davis had a duty to know this law and "at all times observe and comply with all such laws."

Statutory bonds are required for the benefit and protection of the public. Silver v. Fidelity & Deposit Co., 40 N.M. 33, 53 P.2d 459 (1935).

The general rule is that the liability of a surety cannot be extended beyond the fair import of the undertaking in the bond. Morgan v. Salmon, 18 N.M. 72, 135 P. 553, L.R.A.1915B, 407 (1913). This general rule has certain exceptions: (1) Where bonds are given pursuant to statute for a public or quasi public purpose; or (2) when by special provision of statute the conditions and obligations prescribed in the statute requiring the bond must be read into the bond, whether contained therein or not. In such cases, the liability of a surety will be determined by the conditions and obligations prescribed in the statute, in the first instance, on principles of public policy, and the second, by force of the statutory provision. Monte Rico Mill. & Min. Co. v. United States Fidelity & Guaranty Co., 35 N.M. 616, 5 P.2d 195 (1930). The case before us falls within the exceptions to the general rule.

Bonds of contractors for public construction work and the obligations of sureties thereunder are construed strictly against the surety and in favor of the obligees and beneficiaries of the bond. Southwestern Portland Cement Co. v. Williams, 32 N.M. 68, 251 P. 380, 49 A.L.R. 525 (1926). See Annot. 118 A.L.R. 57, at 62–64.

Peerless, by bonding the jobs, agreed to the incorporation of the additional specifications under § 7.2.1, supra. The contractor agreed to pay all taxes and this would include unemployment compensation contributions.

Peerless contends that the bond does not cover liability of the contractor to pay taxes, relying on United States Fidelity & Guaranty Co. v. United States, 201 F.2d 118 (10th Cir. 1952). While that case is persuasive, it is easily distinguishable and, therefore, not compelling. In that case, the contract did not provide that the contractor pay the taxes. The contract language

**26**

merely stated the contractor's liability under the federal tax laws. Furthermore, the Federal Miller Act, 40 U.S.C.A. § 270a, provides for a performance bond for the protection of the United States and a payment bond for the protection of all persons supplying labor and materials; whereas, our "Little Miller Act" (§ 6–6–11, supra), requires a bond conditioned for the performance and completion of such contract according to its terms, in "compliance with all requirements of law," and also for payment of labor and materials. It can thus be seen that our "Little Miller Act" is more encompassing than the Federal Miller Act.

In United States v. Phoenix Indemnity Co., 231 F.2d 573 (4th Cir. 1956), the contract provided that the contractor "pay all taxes legally collectible." The surety was held liable for all taxes, including unemployment, withholding and social security taxes which accrued during the progress of the work. The government was not a party to this contract; however, it was allowed to recover as a third party beneficiary.

In Home Indemnity Co. v. F. H. Donovan Painting Co., 325 F.2d 870 (8th Cir. 1963), both the United States and State of Texas had tax claims incurred on the job and were allowed recovery under the surety bond. See also, United States for Use of Home Indemnity Co. v. American Employers' Insurance Co., 192 F.Supp. 873 (D.C.N.D. 1961).

Appellant contends that the one-year statute of limitations, set forth in § 6–6–12 (c), N.M.S.A., 1953 Comp., would run against part of the recovery for taxes, because they were incurred on jobs which were completed more than a year prior to the bringing of this action. We do not consider this point, as the question was not affirmatively pleaded or presented to the trial court. McLean v. Paddock, 78 N.M. 234, 430 P.2d 392 (1967); Davis v. Severson, 71 N.M. 480, 379 P.2d 774 (1963).

Having resolved that Peerless, by its bonds, became obligated to the State of New Mexico for the payment of the taxes, there is no necessity to consider appellant's other points, which claimed error for the allowance of a set-off for taxes, interest and penalties against the retained balances under the contracts. It is our understanding that these questions are only relevant if Security had not been allowed recovery on the bonds. The stipulation between the parties, which was adopted as the trial court's findings of fact, states that only ninety per cent of the total principal, interest and penalties of the tax claim relates to wages paid on the contracts considered in this action. The remaining ten per cent of the tax claim relates to wages paid on projects not bonded by Peerless. Appellees agreed that the judgment may be reduced. Thus their recovery is not affected by our failure to consider their right of set-off.

The decision of the trial court is affirmed, except the case is remanded to the trial court with direction to enter a new judgment consistent with this opinion.

It is so ordered.

COMPTON and WATSON, JJ., concur.