740 P.2d 690

**STATE of New Mexico, ex rel. MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Plaintiff-Appellee,**

v.

**KNC, INC. and National Fire Insurance Company of Hartford, Defendants-Appellants.**

No. 16463.

Supreme Court of New Mexico.

July 28, 1987.

Rehearing Denied Aug. 21, 1987.

Downes, Comeau & Guzowski, Stephen P. Comeau, Albuquerque, for defendants-appellants.

Padilla, Riley & Shane, Mark J. Riley, Albuquerque, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

This appeal concerns the construction of NMSA 1978, Section 48–2–17. Mountain States Mutual Casualty Company (Mountain States), a provider of workmen's compensation insurance, brought suit against KNC, Inc. (KNC), a general contractor, and National Fire Insurance Company of Hartford (National), the surety, to foreclose a claim of lien on bonds under NMSA 1978, Sections 48–2–1 to –17 (Orig.Pamp. and Cum.Supp.1985). KNC and National moved for summary judgment. The trial court granted summary judgment in Mountain States' favor. KNC and National appeal. We affirm.

KNC was awarded the general contract on two state construction projects; National acted as surety on the two contracts. One construction contract dealt with cer-

tain modifications to the Ute Dam, while the other concerned the construction of the Natural History Museum in Albuquerque, New Mexico. Don Steele Steel Erection Company (Steele) entered into a subcontract with KNC to perform the steel work for the Ute Dam project and RLS, Inc. (RLS) subcontracted with KNC to perform the steel work for the museum project. Under their subcontracts, Steele and RLS were not required to execute separate and distinct bonds. It was essential, however, for them to secure workmen's compensation insurance. Accordingly, Mountain States provided workmen's compensation insurance to Steele and RLS as subcontractors of KNC. Subsequently, both Steele and RLS defaulted on their workmen's compensation premiums in the amounts of $26,845 and $7133, respectively.

On February 26, 1984, Mountain States filed a claim of lien as to the Ute Dam project and notified KNC by registered letter of its claim on March 15, 1984. It also filed a claim of lien on April 23, 1984 as to the museum project and notified KNC by registered letter on the same date. Mountain States then brought this action to foreclose its claims against the bonds.

The court, having considered the parties' stipulated facts and exhibits and the arguments of counsel, found that no material issue of fact existed. The court concluded that the statutory language under Section 48–2–17 expressly defined workmen's compensation premiums as material furnished to a contractor and further concluded that the statute provided a remedy to workmen's compensation carriers by giving them a lien right against a performance bond if a contractor or subcontractor failed to pay the premiums. The court, finding that Mountain States had timely filed its liens against the bonds under the provisions of the Mechanics' Lien Act, granted summary judgment in favor of Mountain States for $33,978.

Summary judgment may be properly granted if the facts of a case are undisputed and only their legal effect is presented for determination. *Westgate Families v. County Clerk of Los Alamos*, 100 N.M. 146, 148, 667 P.2d 453, 455 (1983). The parties have differing and conflicting views on the meaning and application of Section 48–2–17, but there is no material question of fact in dispute. Therefore, the sole issue on appeal is whether the trial court erred in its interpretation of Section 48–2–17.

Section 48–2–17 states:

Unpaid premiums or charges for the furnishing of workmen's compensation insurance furnished to any contractor or subcontractor, who is required by the terms of his contract or by law to obtain and carry such insurance, shall be and is hereby defined to be material furnished to the contractor or subcontractor for use in the performance of the contract, and the person, firm or corporation so furnishing the same shall have the same rights and remedies against any performance bond given in connection with such contract as if the workmen's compensation insurance so furnished were physical property, and as though a lien had been filed against the improved premises, but shall have no lien against the improved premises.

The question whether premiums for workmen's compensation insurance come within the contemplation of the Mechanics' Lien Act of New Mexico is one of first impression. In *Anderson v. U.S. Fidelity & Guar. Co.*, 44 N.M. 483, 104 P.2d 906 (1940), this Court held that workmen's compensation insurance premiums were not "supplies" under the contractor's bond requiring payment of all just claims for supplies furnished. The New Mexico legislature apparently felt the need to protect workmen's compensation insurance carriers. In 1967 it enacted Section 48–2–17 specifically defining workmen's compensation insurance as material furnished to the contractor or subcontractor for use in the performance of the contract.

Legislative intent is determined primarily by the language of the act and statutory construction is proper only in case of ambiguity. *Montoya v. McManus*, 68 N.M. 381, 389, 362 P.2d 771, 776 (1961). There is no need for us to construe this statute. The language is clear and unambiguous and states that premiums for

workmen's compensation insurance are defined as material furnished to a contractor.

■ KNC and National contend that the express legislative intent under Section 48–2–17 was to provide coverage to workmen's compensation carriers only under bonds given in connection with the insured's contract. They maintain that because the bonds upon which Mountain States claims its liens were given by KNC in connection with its contracts, and no bonds were given in connection with the subcontracts, Mountain States cannot recover. The statute itself does not prescribe that workmen's compensation carriers have rights only against bonds given by their insureds. It provides that a person, firm or corporation furnishing workmen's compensation insurance "shall have the same rights and remedies against any performance bond given in connection with such contract." § 48–2–17. KNC and National argue that "in connection with such contract" means in connection with the subcontracts. We believe that the phrase "in connection with such contract" refers to the general construction contract and does not require that the bond be executed in connection with the insured's subcontract.

Because these were state construction projects, KNC was required to execute bonds under NMSA 1978, Sections 13–4–18 to –20 (Repl.Pamp.1985) known as the "Little Miller Act." Section 13–4–18 states that the performance bond is intended to satisfy "all just claims for * * * materials and supplies furnished * * * whether * * * said materials and supplies be furnished, under the original contract or under any subcontract." In *State ex rel. W.M. Carroll & Co. v. K.L. House Constr. Co.*, 99 N.M. 186, 656 P.2d 236 (1982), this Court held that the Little Miller Act applied to suppliers of materials under any subcontract involving a state construction project. Thus, we cannot say that under these circumstances the workmen's compensation premiums were not covered by the bonds.

Even if we were to adopt KNC's and National's interpretation of the phrase "in connection with such contract," we would reach the same result. A bond given in connection with the subcontract does not mean that the subcontractor has to pay for or acquire the performance bond. The phrase "in connection with" means "attached to," "associated with" or "incident to." *See generally Illinois Power Co. v. Mahin*, 49 Ill.App.3d 713, 7 Ill.Dec. 436, 364 N.E.2d 597 (1977). There is no doubt that under Section 13–4–18, the contractor's bonds were "incident to" or "associated with" the subcontracts because the bonds covered materials under any subcontracts.

■ The general rule is that the liability of a surety cannot be extended beyond the undertaking in the bond. *Employment Sec. Comm'n v. C.R. Davis Contracting Co.*, 81 N.M. 23, 462 P.2d 608 (1969). Here National, by bonding both of these construction projects, specifically agreed to be liable for "materials and supplies * * * furnished under the original contract or any contract thereunder." Obligations of sureties under bonds are construed strictly in favor of the beneficiaries. *Id.* at 25, 462 P.2d at 610.

KNC and National next contend that Mountain States failed to comply with the notice requirement applicable to its claim. The trial court concluded that the claim of lien right brought under Section 48–2–17 was governed under the remaining provisions of the Mechanics' Lien Act (Sections 48–2–1 to –17). KNC and National concede that Mountain States properly filed its claims of lien within the time prescribed under NMSA 1978, Section 48–2–6 (Cum. Supp.1985). They argue, however, that the notice requirement should be governed under NMSA 1978, Section 13–4–19(A) (Repl. Pamp.1985).

That statute provides that any person having no direct contractual relationship with the contractor furnishing the payment bond shall have a right of action upon giving written notice to the contractor "within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made." Under Section 48–2–6 any person, except the original contractor, "claiming the benefit of this article, must within ninety days after the completion of any building, improvement or structure * * * file * * * a claim."

KNC and National maintain that the language in Section 48–2–17 and the efficient administration of workmen's compensation premium claims require that they be considered bond claims for the purposes of notice. The language under Section 48–2–17 is clear, however. Any person, firm or corporation furnishing workmen's compensation insurance "shall have the same rights and remedies against any performance bond * * * as if the workmen's compensation insurance so furnished were physical property, and as though a lien had been filed against the improved premises." § 48–2–17. The remedy provided under this statute is treated as a lien right. There is no reference made to the notice procedures under the Little Miller Act. Mountain States' right of action on the payment bond is expressly conferred by Section 48–2–17, not Section 13–4–19(A). We will not therefore look to the notice provisions under the Little Miller Act for a claim arising under the Mechanics' Lien Act. The Little Miller Act is not a lien statute; it merely provides a remedy for recovery of monies due for the doing of work or the furnishing of material on a state construction project. But KNC and National claim that recording a lien under the Mechanics' Lien Act for a claim under a bond pursuant to another section of the statute is not appropriate or efficient. This Court will not question the wisdom or efficiency of recording such a lien, that is left to the Legislature.

This Court determines that the statute is clear and unambiguous on its face, and that the workmen's compensation insurance premiums were materials furnished to subcontractors, and that Mountain States has a right of lien against the bonds given under the construction projects in the sum of $33,978. The trial court's summary judgment is affirmed.

SCARBOROUGH, C.J., and STOWERS, J., concur.